J-S64018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE L. FIGUEROA-NAVAREZ | : | |
| | : | |
| Appellant | : | No. 686 EDA 2018 |

Appeal from the PCRA Order January 17, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0003208-2015,
CP-23-CR-0006348-2015, CP-23-CR-0006691-2015

BEFORE: BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.: **FILED DECEMBER 13, 2018**

Appellant, Jose L. Figueroa-Navarez, appeals *pro se* from the order
entered on January 17, 2018 in the Criminal Division of the Court of Common
Pleas of Delaware County that dismissed, without a hearing, his first petition
filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A.
§§ 9541-9546.[1] We affirm.

The PCRA court aptly summarized the factual and procedural history of
this case as follows:

The record in the instant case establishes that, on July 21, 2016,
Appellant entered into an open guilty plea before the [trial court

---

[1] We note that the PCRA court order dismissing Appellant's PCRA petition listed
three trial court docket numbers. On February 8, 2018, Appellant filed three
*pro* se notices of appeal, each of which contained all three trial court docket
numbers. On May 4, 2018, this Court dismissed as duplicative the appeals at
docket numbers 692 EDA 2018 and 693 EDA 2018.

at] three separate docket numbers. Regarding docket number 6348-2015, Appellant pled to Count 2 [p]ossession with [i]ntent to [d]istribute [c]ontrolled [s]ubstance ([c]ocaine - more than 73 grams). On docket number 3208-2015, Appellant pled to Count 3 [p]ossession with [i]ntent to [d]eliver (heroin); Count 4 [p]ossession with [i]ntent to [d]eliver (cocaine); Count 1 [p]ossession of a [c]ontrolled [s]ubstance; Count 2 [p]ossession of a [c]ontrolled [s]ubstance; Count 5 [p]ossession of [d]rug [p]araphernalia; and, Count 11 [d]riving with a [s]uspended [l]icense. On docket number 6691-2015, Appellant pled guilty to Count 1 [f]leeing or [e]luding [p]olice [o]fficer; Count 4 [r]ecklessly [e]ndangering [a]nother [p]erson; Count 9 [p]ossession of a [c]ontrolled [s]ubstance; and Count 19 [f]ailure to [n]otify [l]aw [e]nforcement.

Counsel moved for immediate sentenc[ing] and [the trial court imposed its sentence on the same day]. Prior to imposition of sentence, defense counsel addressed the [trial c]ourt and requested that the court take no position regarding Appellant's RRRI eligibility and leave the decision of eligibility to the Department of Corrections. Notes of Testimony, 7/21/16, at 24-25. On docket number 6348-2015 Appellant was sentenced to sixty (60) to one hundred twenty (120) months['] state incarceration, $120[.00] in costs, $176[.00] lab fee, forfeiture of $986[.00] and two cell phones, and credit for time served from [September 29, 2015 through July 21, 2016]. Additionally, it was noted that the [trial c]ourt recommended Appellant serve his time at SCI Chester, that he was not boot camp eligible, and that neither the [trial c]ourt nor the Commonwealth took a position on Appellant's RRRI eligibility. On docket number 3208-2015, Appellant [received] an aggregate term of twenty-four (24) to forty-eight (48) months['] incarceration and three years of probation. [Appellant's term of incarceration at docket number 3208-2015 was to run consecutively to his sentence at docket number 6348-2015.] It was noted on [docket number 3208-2015 ] as well that neither the [trial c]ourt nor the Commonwealth took a position on RRRI eligibility. Finally, on docket number 6691-2015, Appellant was sentenced to an aggregate term of twelve (12) to twenty-four (24) months['] incarceration and one year probation, [concurrent to his other sentences.] The sentencing sheet for this docket number reflected once again that the [trial c]ourt did not take a position on RRRI eligibility.

Appellant was advised of his [p]ost-[s]entence [r]ights by counsel, initialed and signed three [p]ost-[s]entence [r]ights forms, and was [] again advised by the [trial c]ourt of his post-sentence [r]ights. Specifically, the [trial c]ourt explained that Appellant had ten days to file a [m]otion for [r]econsideration in writing and [30] days to appeal [his conviction or sentence]. Appellant did not file a [m]otion for [r]econsideration or a [direct] appeal.

On February 24, 2017, Appellant filed a *pro se* [PCRA p]etition alleging [that] counsel was ineffective in failing to request the [trial c]ourt to recommend RRRI eligibility. The [PCRA court] appointed [counsel] and entered an [o]rder requiring counsel to file an [a]mended PCRA petition or [n]o [m]erit letter pursuant to [***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and] ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1998). On July 14, 2017, counsel submitted a [n]o [m]erit letter as well as an [a]pplication for [w]ithdrawal of [a]ppearance. Counsel's [n]o [m]erit letter addressed two issues: 1) whether or not trial counsel was ineffective in failing to request that the [trial c]ourt recommend Appellant for RRRI eligibility and 2) whether or not trial counsel was ineffective in failing to file post-sentence motions. Th[e] second issue, although not included in Appellant's *pro se* PCRA, was raised by counsel upon Appellant's request. On August 18, 2017, the [PCRA c]ourt granted counsel's application to withdraw and filed a [n]otice of [i]ntent to [d]ismiss the PCRA [p]etition without a [h]earing in [20 d]ays.

On August 30, 2017, Appellant filed a *pro se* [r]esponse in [o]pposition to the [court's] [n]otice of [i]ntent to [d]ismiss arguing that the [PCRA court's notice] only addressed one of [Appellant's] two PCRA issues[, *i.e.* the issue regarding RRRI eligibility]. Appellant requested additional time to amend his PCRA [petition] so that the [c]ourt [could] consider both issues. Out of an abundance of caution, th[e PCRA c]ourt entered an [o]rder on October 26, 2017 permitting [Appellant] to file an [a]mended PCRA [petition] within [21] days. The [PCRA c]ourt [undertook this course of action] even though it had reviewed both issues raised in the counseled "no merit" letter and took both issues into account when issuing its [n]otice of [i]ntent to [d]ismiss. On November 17, 2017, Appellant filed his [a]mended PCRA [petition] raising the issue of ineffective assistance of counsel for failure to file post-sentence motions.

- 3 -

The [PCRA c]ourt reviewed [Appellant's a]mended PCRA [petition, counsel's no merit l]etter, [Appellant's] initial PCRA [petition], and the record as a whole and then filed its second [n]otice of [i]ntent to [d]ismiss on December 28, 2017. In January [2018,] the matter was administratively transferred to [a new trial judge]. On January 10, 2018, Appellant filed a *pro se* [o]bjection to the [December 28, 2017] [n]otice of [i]ntent to [d]ismiss raising the same issues as [the] [a]mended PCRA [petition]. On January 18, 2018, th[e PCRA c]ourt issued an [o]rder denying Appellant's [petition]. On February 8, 2018, Appellant filed a [n]otice of [a]ppeal [from the January 18, 2018 order.] On March 8, 2018, [the PCRA c]ourt issued an [o]rder requiring Appellant to file a [c]oncise [s]tatement of [errors] [c]omplained of on [a]ppeal pursuant to Pa.R.A.P. 1925[. Appellant complied on] March 19, 2018[.]

PCRA Court Opinion, 4/4/18, at 1-4 (unpaginated).

In his brief to this Court, Appellant raises the following question for our review:

Whether the [PCRA] court committed legal error in denying [A]ppellant[']s petition for post-conviction collateral relief, without a hearing to properly fulfill [its] fact finding duty regarding [A]ppellant[']s claim of ineffective assistance of counsel, for [A]ppellant[']s defense counsel's failure to file a timely requested post-sentence motion to modify sentence.

Appellant's Brief at 4.

We review an order denying collateral relief under the PCRA to determine whether evidence of record supports the findings of the PCRA court and whether its legal conclusions are free from error. ***Commonwealth v. Mitchell***, 105 A.3d 1257, 1265 (Pa. 2014). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal

conclusions." ***Id.***, *quoting **Commonwealth v. Roney***, 79 A.3d 595, 603 (Pa. 2013).

In this case, the PCRA court dismissed Appellant's petition without a hearing. There is no absolute right to an evidentiary hearing. ***See Commonwealth v. Springer***, 961 A.2d 1262, 1264 (Pa. Super. 2008). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." ***Id.***

Appellant's amended petition filed on November 17, 2017 requested *nunc pro tunc* reinstatement of Appellant's right to file post-sentence motions. Specifically, the amended petition alleged that trial counsel was ineffective for failing to file a requested post-sentence motion in a timely manner. Appellant further alleged that trial counsel's omission deprived Appellant of his right to challenge certain discretionary aspects of his sentence on direct appeal. Analogizing counsel's failure to file a requested post-sentence motion to the failure to file a requested direct appeal, Appellant claims that counsel's omission in this case qualifies as *per se* ineffectiveness. Accordingly, Appellant maintains that he was entitled to an evidentiary hearing in order to prove that he asked counsel to submit a post-sentence motion. No relief is due on Appellant's claim as he has failed to demonstrate that his petition raised a genuine issue of material fact that required an evidentiary hearing.

Under Pennsylvania law, there are few instances where counsel's acts or omissions constitute *per se* ineffectiveness. These include: counsel's

failure to file a direct appeal when requested to do so by a client (***Commonwealth v. Lantzy***, 736 A.2d 564, 572 (Pa. 1999)); counsel's failure to file a timely Rule 1925(b) statement when ordered to do so by a court (***Commonwealth v. Halley***, 870 A.2d 795 (Pa. 2005); ***Commonwealth v. Brown***, 145 A.3d 184, 186 (Pa. Super. 2016)); and, counsel's failure to file a petition seeking allowance of appeal with the Pennsylvania Supreme Court when requested to do so by a client (***Commonwealth v. Liebel***, 825 A.2d 630 (Pa. 2003); ***Commonwealth v. Reeves***, 923 A.2d 1119, 1129 (Pa. 2007)). Trial counsel's failure to file a post-sentence motion, even if requested to do so, is not *per se* ineffectiveness. ***See Reeves***, 923 A.2d at 1129-1131 (post-conviction petitioner required to establish actual prejudice where counsel's alleged deficiency stemmed from failure to move for reconsideration of sentence); ***Commonwealth v. Liston***, 977 A.2d 1089, 1092 (Pa. 2009) (clarifying that Supreme Court held in ***Reaves*** that failure to file post-sentence motions "does not fall within the limited ambit of situations where a defendant alleging ineffective assistance of counsel need not prove prejudice to obtain relief").

Instead, a PCRA petitioner alleging trial counsel's ineffectiveness for failure to file a post-sentence motion must satisfy the three-pronged test for ineffectiveness. ***Reeves***, ***supra***. Thus, a PCRA petitioner bears the burden of pleading and proving that trial counsel's failure to file a post-sentence motion prejudiced him; namely, that had counsel filed the post-sentence motions, the sentencing court would have granted them. ***See Liston, supra***.

Appellant did not meet that burden, nor did he raise a genuine issue on this claim.

Appellant's submissions before the PCRA court do not address why the trial court would have granted a motion to reconsider Appellant's sentence. Although Appellant expressed displeasure with the consecutive nature of his sentences in his objections to the PCRA court's Rule 907 notice, he offered no reasons for why the trial court would have granted relief on this basis. The consecutive nature of a sentencing scheme is rarely the basis for finding a substantial question that the trial court acted outside sentencing norms or contrary to the Sentencing Code, let alone abused its discretion in fixing a particular punishment. *See Commonwealth v. Moury*, 992 A.2d 162, 171-172 (Pa. Super. 2010) (sentencing court has discretion to impose sentences consecutively or concurrently and challenges to this exercise of discretion do not raise a substantial question except in extreme circumstances). Appellant failed to explain how his consecutive sentences supported reconsideration of his punishment. In the absence of such a showing, there was no basis on which to conclude that counsel's conduct caused any prejudice. Thus, the PCRA court correctly dismissed Appellant's petition without an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/13/18</u>