J-S84005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VICTOR ENRIQUES, | |
| Appellant | No. 2492 EDA 2017 |

Appeal from the PCRA Order Entered July 5, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0312591-2003
CP-51-CR-0312601-2003

BEFORE: BENDER, P.J.E., OTT, J., and FORD ELLIOT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MARCH 20, 2019**

Appellant, Victor Enriques, appeals from the order dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

This Court previously summarized the facts leading to Appellant's conviction, as follows:

> On February 19, 2003, at approximately 9:30 p.m., [Appellant] and a young male later identified as Samuel Rosado entered a pizza shop located at 3063 E. Lycoming Avenue in Philadelphia. The owner of the shop, George Parsalidis, was working in the shop with employee Kathy O'Neill at the time. [Appellant] approached the counter and asked who owned a truck that was parked outside. Mr. Parsalidis responded that the owner lived around the corner, but refused [Appellant]'s request to take him there. [Appellant] then became loud and angry, shoving books, pencils[,] and pens off the counter before leaving with Rosado.

Mr. Parsalidis was still working in his store at approximately 11:00 p.m. when [Appellant] and Rosado returned. When [Appellant] opened his jacket, Mr. Parsalidis observed a gun in his waistband. The pizza shop's delivery man, Ed Montague, also saw the gun, and observed [Appellant's] motioning as if he were about to pull it out. Montague then reached down and pulled out the .357 which Mr. Parsalidis kept under the counter. Mr. Montague pointed the gun at Rosado, whom he had also seen reaching for a gun in his waistband. When Montague threatened to shoot Rosado, Rosado put up his hands saying he was "cool." [Appellant] then displayed his gun and threatened to shoot Mr. Parsalidis if Montague shot Rosado.

[Appellant] next started firing numerous shots at Mr. Montague. Montague could hear the bullets whizzing by him as he called "911." He was shot in the hand as he made the call in which he advised police that a shooting was in progress and to please hurry. Mr. Parsalidis hid behind the counter to get away from the bullets. When Montague heard Kathy O'Neill, who had been in the basement during the shooting, coming up the stairs, he pushed her back down and stayed downstairs with her until the police arrived.

When the shooting stopped, George Parsalidis heard his son Angelo coming down the steps from the upstairs apartment where they lived. Mr. Parsalidis jumped over the counter to try and stop his son from getting involved in the altercation. Just outside the front door, Mr. Parsalidis was shot two or three times and fell to the ground. Angelo, who was armed with weapons, was tragically shot and killed by one of the police officers who had arrived at the scene. [Appellant] exchanged gunfire with police officers as he ran down the street. Police apprehended [Appellant] at the corner. Rosado was also apprehended by the police near the scene.

*Commonwealth v. Enriques*, No. 1414 EDA 2004, unpublished memorandum at 2-3 (Pa. Super. filed May 8, 2006) (quoting Trial Court Opinion, 7/12/05, at 2-3).

Subsequently,

[t]he Commonwealth charged [Appellant] with six counts of attempted murder, one count of criminal conspiracy, one count of

- 2 -

carrying a firearm without a license, and one count of possessing instruments of crime. A jury found [Appellant] guilty of two counts of aggravated assault, one count of possession of instruments of crime[,] and one count of criminal conspiracy. The Honorable Harold M. Kane sentenced [Appellant] to ten to twenty years' incarceration on each count of aggravated assault and criminal conspiracy, and two and a half to five years' incarceration for possessing instruments of crime. The sentences were to run consecutively for a total of 32 to 65 years['] incarceration.

*Id.* at 3 (unnecessary capitalization omitted). Sentencing occurred on January 13, 2004.

Appellant filed a timely notice of appeal from his judgment of sentence, and this Court affirmed on May 18, 2004. **Commonwealth v. Enriques**, 903 A.2d 43 (Pa. Super. 2006) (unpublished memorandum). Our Supreme Court denied his petition for allowance of appeal on August 31, 2006. **Commonwealth v. Enriques**, 906 A.2d 538 (Pa. 2006).

On November 6, 2006, Appellant filed a timely, *pro se* PCRA petition—his first. Counsel was appointed by the PCRA court, but that attorney ultimately filed a **Turner**/**Finely**[1] no-merit letter and a motion to withdraw with the PCRA court. Appellant filed a timely response, but his PCRA petition was ultimately denied, and his counsel was permitted to withdraw. Appellant did not file an appeal from that decision.

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Appellant filed the instant PCRA petition under consideration, *pro se*, on November 4, 2015. In that petition, Appellant solely sought relief based on a claim that he had received an illegal sentence pursuant to ***Alleyne v. United States***, 570 U.S. 99 (2013). ***See*** Appellant's PCRA Petition, 11/4/15, at 2-7. The PCRA court appointed counsel (hereinafter "PCRA counsel"), but PCRA counsel filed a ***Turner***/***Finley*** no-merit letter and a motion to withdraw on May 5, 2017. On June 5, 2017, the PCRA court issued a notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On June 19, 2017, Appellant filed objections to his counsel's ***Turner***/***Finley*** no-merit letter and motion to withdraw, and he filed further objections thereto on June 30, 2017. On July 5, 2017, the PCRA court dismissed the petition.

Appellant filed a timely notice of appeal on August 3, 2017, and, on August 15, 2017, the PCRA court ordered him to file a Pa.R.A.P. 1925(b) statement within 21 days (making the statement due on or before September 5, 2017).[2] Appellant filed his Rule 1925(b) statement with the PCRA court September 13, 2017,[3] eight days late. The PCRA court issued its Rule 1925(a) opinion on February 28, 2018.

---

[2] Appellant alleges that he did not receive this order until August 21, 2017.

[3] This date represents the time-stamp marked on the envelope containing Appellant's Rule 1925(b) statement, indicating application of the prisoner-mailbox rule. ***See Commonwealth v. Chambers***, 35 A.3d 34 (Pa. Super. 2011) (explaining that the prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on date he delivers it to prison authorities for mailing). The PCRA court did not actually receive Appellant's Rule 1925(b)

Appellant now presents the following questions for our review, which we have rewritten for clarity and ease of disposition:

1. Whether the PCRA court erred or abused its discretion by denying Appellant's PCRA petition?

2. Whether the PCRA court erred or abused its discretion when it accepted appointed counsel's *Turner*/*Finley* letter and permitted counsel to withdraw, where such actions deprived Appellant of his due process and equal protection rights?

*See* Appellant's Brief at 1.

We begin our analysis by addressing whether Appellant preserved his claims for our review in his Rule 1925(b) statement. As noted above, Appellant did not file his Rule 1925(b) statement within 21 days of the PCRA court's Rule 1925(b) statement order. Even if we were to accept Appellant's contention that he gave his statement to prison authorities on September 8, 2017, his Rule 1925(b) statement was due three days' earlier on September 5, 2017.

This Court addressed a similar circumstance in *Commonwealth v. Boniella*, 158 A.3d 162 (Pa. Super. 2018), wherein we stated:

> Boniella had until December 12, 2016, to file his statement, but did not do so until the next day. We have stated that "where the trial court addresses the issues raised in an untimely Rule 1925(b) statement, we need not remand but may address the issues on their merits." *Commonwealth v. Brown*, 145 A.3d 184, 186 (Pa. Super. 2016). *See also Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa. Super. 2009) (*en banc*) ("[I]f there is an

---

statement until September 18, 2017. This matches the "date received" marking on Appellant's cash slip that he filed to pay for postage. However, the cash slip also contains Appellant's handwritten date of September 8, 2017.

untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal[.]").

Critically, however, we note that **Brown** and **Burton** apply to counseled defendants, rather than those proceeding *pro se*. This is because counsel can be considered to be ineffective *per se* for failing to file a timely Rule 1925(b) statement. **See** Pa.R.A.P. 1925(c)(3) ("If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement nunc pro tunc [.]"); **see also Burton**, 973 A.2d at 433 (untimely filing of Rule 1925(b) statement by counsel is *per se* ineffectiveness). Accordingly, we consider untimely counseled Rule 1925(b) statements on the basis of judicial economy. **See** Comment to Ra.R.A.P. 1925(c)(3).

It is a longstanding principle that a *pro se* litigant cannot be ineffective on his or her own behalf. **See Commonwealth v. Fletcher**, … 986 A.2d 759, 773 (Pa. 2009) ("The law prohibits a defendant who chooses to represent himself from alleging his own ineffectiveness."). Thus, our rationale for considering an untimely Rule 1925(b) statement disappears where it is filed by a *pro se* litigant. Therefore, we are constrained to find that Boniella's issues are waived in the instant matter.

**Boniella**, 158 A.3d at 164. Likewise, here, we are constrained to conclude that Appellant's Rule 1925(b) statement was untimely filed, leaving no issues preserved therein for our review.

Nevertheless, had Appellant filed a timely Rule 1925(b) statement, he would still not be entitled to relief.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those

findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (internal citations omitted).

Generally, a petition for PCRA relief must be filed within one year of the date the judgment is final. ***See*** 42 Pa.C.S. § 9545(b)(3); ***see also Commonwealth v. Alcorn***, 703 A.2d 1054 (Pa. Super. 1997). There are, however, exceptions to the timeliness requirement, as set forth in 42 Pa.C.S. §§ 9545(b)(1)(i),(ii), and (iii), and include interference by government officials in the presentation of the claim, after-discovered facts or evidence, and an after-recognized constitutional right. ***See Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000). Where the petition alleges and proves an exception to the timeliness requirements, the petition will be considered timely. A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have been presented." ***Id.***; ***see also*** 42 Pa.C.S. § 9545(b)(2). The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot entertain untimely petitions. ***Commonwealth v. Robinson***, 837 A.2d 1157 (Pa. 2003).

Appellant's current PCRA petition, filed in 2015, is patently untimely. Thus, the courts of this Commonwealth only have jurisdiction to entertain Appellant's claims if he successfully avails himself of one of the three timeliness exceptions set forth in 42 Pa.C.S. § 9545(b)(1). In his brief, and

earlier in his *pro se* PCRA petition, Appellant made no attempt to satisfy this burden.

Moreover, in his *pro se* petition, Appellant only asserted a single illegal sentencing claim, averring that his sentence was illegal pursuant to **Alleyne**. In **Alleyne**, the Supreme Court of the United States held that any fact that increases mandatory-minimum sentence for crime is an element of a crime, not sentencing factor and, as such, must be submitted to jury and proven beyond a reasonable doubt.  However, whether Appellant's sentence violated **Alleyne** is immaterial in this case, as it is now well-settled that "**Alleyne** does not apply retroactively to cases pending on collateral review." **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016).  Thus, the sole claim raised in Appellant's *pro se* PCRA petition cannot meet any exception to the PCRA's timeliness requirements.

In his brief, Appellant also presents a multitude of claims concerning the ineffectiveness of his prior trial, direct appeal, and first-PCRA attorneys.  None of these claims were raised in the instant PCRA petition under consideration. In any event, such claims cannot be used to invoke a timeliness exception, even had they been preserved.  "It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." **Commonwealth v. Wharton**, 886 A.2d 1120, 1127 (Pa. 2005).

Finally, Appellant argues that the PCRA court erred by accepting PCRA counsel's **Turner**/**Finley** letter because counsel, in his communications with

Appellant, indicated to him he was unable to locate or obtain and, therefore, review, numerous court records in this case. Appellant contends PCRA counsel was ineffective in this regard, under the assumption that, had counsel reviewed those documents, he would have amended Appellant's PCRA petition to include the claims Appellant now raises in his brief. We disagree that counsel was ineffective.

In order to demonstrate the ineffectiveness of counsel, Appellant must demonstrate "(1) that the claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and, (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." ***Commonwealth v. Kimball***, 724 A.2d 326, 333 (Pa. 1999). "Failure to prove any prong of this test will defeat an ineffectiveness claim." ***Commonwealth v. Fears***, 86 A.3d 795, 804 (Pa. 2014).

Here, Appellant has not argued, much less demonstrated, that any claim overlooked by PCRA counsel could satisfy an exception to the jurisdictional timeliness requirements of the PCRA. Accordingly, there is no "reasonable probability that the outcome of the" PCRA "proceedings would have been different." ***Kimball***, 724 A.2d at 333. Thus, Appellant cannot show that PCRA counsel was ineffective, as he was not prejudiced by counsel's filing of a ***Turner***/***Finley*** letter and motion to withdraw.

Order ***affirmed***.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/20/19