J-A17024-16

2016 PA Super 173

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEPHEN J. BROWN | |
| Appellant | No. 1033 EDA 2015 |

Appeal from the Judgment of Sentence April 7, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0203611-2006,
CP-51-cr-0308891-2006

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

OPINION BY LAZARUS, J.:                    **FILED AUGUST 09, 2016**

Stephen Brown (a/k/a Rodney Greene) appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after he violated his probation by committing retail theft.  Upon review, we affirm Brown's judgment of sentence.

The trial court summarized the facts as follows:

On April 10, 2005, [Brown] used the victim "P.R.'s" identity to open Chase Visa (charging $1200.00) and Sears credit cards (charging $1632.02), [] on several occasions identified himself as the complainant[,] and used Western Union to transfer money ($245.00) in the complainant's name.  [Brown] also used complainant's identity to obtain phone service and provided complainant's identifying information for two traffic court citations.  On November 3, 2005, police executed a search warrant on [Brown's] apartment and recovered credit cards, a

---

[*] Retired Senior Judge assigned to the Superior Court.

driver's license, and check stubs in the names of the victims along with identification for multiple victims; the police also recovered blank police and district attorney office letterhead.

On April 9, 2007, [Brown] entered into a guilty plea to felony-three identity theft, 18 Pa.C.S. §4120. . . . [Brown] was sentenced pursuant to his plea agreement to 11 ½ to 23 months['] incarceration with immediate parole, followed by four years['] reporting probation.

Trial Court Opinion, 6/11/15 at 1-2.

After sentencing, Brown was released on parole. The following day, April 10, 2007, Brown was taken into federal custody. On June 23, 2008, Brown pled guilty in federal court to three counts of mail fraud,[1] three counts of identity theft,[2] two counts of access device fraud,[3] three counts of aggravated identity theft,[4] and two counts of forgery of signatures of judge or court officer.[5] Brown was sentenced to 27 months' incarceration followed by 3 years of supervised release. Brown was released on September 26, 2013, from federal custody.

On April 24, 2014, Brown was arrested for retail theft. On March 9, 2015, he pled guilty to the charge and was sentenced to 30 days' probation.

_____

[1] 18 U.S.C. § 1341.

[2] 18 U.S.C. § 1028(a)(7).

[3] 18 U.S.C. § 1029(a)(2).

[4] 18 U.S.C. § 1028A(a)(1).

[5] 18 U.S.C. § 505.

On April 7, 2015, Judge Chris R. Wogan held a violation of probation hearing with respect to Brown's 2007 conviction. Judge Wogan found that Brown's state probation did not begin until his release from federal custody on September 26, 2013, and, thus, his conviction for retail theft was a direct violation of that probation. Accordingly, Brown's probation was revoked and he was resentenced to 48 months of reporting probation and a $250.00 fine.

On April 10, 2015, Brown filed a notice of appeal from his probation revocation sentence and, on April 13, 2015, the court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days. On April 30, 2015, Brown filed a request for an extension to file his Rule 1925(b) statement, claiming that the notes of testimony from his violation of probation (VOP) hearing were not yet available. The court granted the extension until May 13, 2015. On May 13, 2015, counsel filed a second request for an extension, which was denied. The following day, the notes of testimony from the VOP hearing became available and, on May 19, 2015, Brown filed his Rule 1925(b) statement. A separate petition was filed requesting that the court accept the statement of errors *nunc pro tunc*. The trial court denied the petition and ruled that the Rule 1925(b) statement was therefore untimely.

Before we address the issue raised on appeal, we resolve a preliminary procedural matter. Instantly, the trial court found that Brown's Rule 1925(b) statement was not timely filed. While this often requires remand, where the trial court addresses the issues raised in an untimely Rule

1925(b) statement, we need not remand but may address the issues on their merits. **See Commonwealth v. Thompson**, 39 A.3d 335, 340 (Pa. Super. 2012). Instantly, the trial court has addressed the issue raised in Brown's untimely Rule 1925(b) statement and, as such, we may address the issue on its merits. **Id. See also Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa. Super. 2009) ("[I]f there is an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raise on appeal").[6]

On appeal, Brown raises one issue for our review:

> Did not the trial court err in finding Mr. Brown in violation of his probation, insofar as his probation had already expired long before the date of the purported violation?

Brief for Appellant, at 3.

The main thrust of Brown's appeal is that his probationary period began to run on December 26, 2008, at the conclusion of his 11½ to 23 month state incarceration sentence. Therefore, he claims his four-year

---

[6] We note that the trial court acknowledges that a delay in the transcription of notes of testimony is generally considered "good cause" warranting an enlargement of time to file a Rule 1925(b) statement. **See** Trial Court Opinion, 6/11/15, at 3-4 n.1. However, the court denied Brown's second request for an extension, stating that "the notes were not necessary in this basic VOP case." **Id.** at 4 n.1. While this may be true, we also recognize that without the notes to prepare the statement, a party could run afoul of the requirement that the Rule 1925(b) statement "*concisely* identify each ruling or error that the appellant intends to challenge with *sufficient detail* to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii) (emphasis added). Accordingly, we address the merits of Brown's appeal.

- 4 -

probation sentence concluded on December 26, 2012, well before he committed the offense forming the basis for his violation on April 24, 2014. Specifically, Brown contends that his time spent in federal custody should count towards his state sentence. However, the trial court did not credit the federal time towards his state sentence, reasoning that Brown was released from Federal custody on September 26, 2013, and, thus, from that date his state probation sentence began to run. As such, Brown's retail theft was committed within the time he was serving his probation sentence and, thus, was a direct probation violation.

The issue on appeal concerns a question of law; thus, our scope of review is plenary and our standard of review is *de novo*. **Commonwealth v. Mullins**, 918 A.2d 82, 84 (Pa. 2007). The issue as to whether a state probation period can be served while in federal imprisonment is an issue of first-impression in our Court. For the following reasons, we conclude that state probation time cannot run while a defendant is serving a federal sentence or the court would be permitting a defendant to simultaneously serve two distinct sentences which, in essence would be "killing two birds with one stone." Accordingly, the trial court correctly concluded that the time Brown spent in federal custody did not count towards his state sentence and, therefore, his state probation sentence began to run on September 26, 2013, when he was released from federal custody.

"No section of the Sentencing Code contemplates imprisonment as an element of a probationary sentence; probation is in fact a *less restrictive*

*alternative* to imprisonment directed at rehabilitating the defendant without recourse to confinement during the probationary period." ***Commonwealth v. Basinger***, 982 A.2d 121, 127 (Pa. Super. 2009) (emphasis added). The sentencing court assigns specific probationary conditions and requirements the defendant must abide by to assist the defendant in leading a law-abiding life. 42 Pa.C.S. § 9754. Where a probationary sentence is employed, the Sentencing Code includes conditions to insure the defendant is rehabilitated as a law-abiding citizen who modifies his behavior without the total confinement of incarceration. ***Basinger***, 982 A.2d at 127. The plain language of the Sentencing Code itself does not contemplate incarceration as a condition of probation. ***See, e.g.***, 42 Pa.C.S. § 9754(c).

Moreover, in ***Commonwealth v. Allshouse***, 33 A.3d 31 (Pa. Super. 2011), this Court specifically rejected the idea of "constructive probation." In ***Allshouse***, the defendant was convicted and sentenced to two years' incarceration followed by a consecutive term of two years' probation. Five months later, the defendant was sentenced to one to three years' incarceration on a separate offense. Upon serving his maximum five-year sentence,[7] he was detained for a probation violation stemming from the first

---

[7] The Department of Corrections aggregated the sentences for his first and second convictions pursuant to 42 Pa.C.S. § 9757, which mandates automatic aggregation of sentences once a trial court imposes a consecutive sentence. ***Commonwealth v. Ford-Bey***, 590 A.2d 782, 783 (Pa. Super. 1991).

conviction. Allshouse argued that he "constructively served" his probation on his first sentence while he was incarcerated for the second conviction. This Court disagreed, and being a case of first impression, looked to relevant federal law for guidance. **Allshouse**, 33 A.3d at 36.

The **Allshouse** court cited the following federal statute:

§ 3564. **Running of a term of probation**

(b) Concurrence with other sentences.—Multiple terms of probation, whether imposed at the same time or at different times, run concurrently with each other. A term of probation runs concurrently with any Federal, State, or local term of probation, supervised release, or parole for another offense to which the defendant is subject or becomes subject during the term of probation. **A term of probation does not run while the defendant is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than thirty consecutive days.**

18 U.S.C. § 3564(b) (emphasis in original). The Court found that there is "no support in the Pennsylvania statutes that the General Assembly intended to permit defendants to serve a term of probation and a term of state incarceration simultaneously." **Allshouse**, 33 A.3d at 36.

While **Allshouse** may be factually distinguishable from the instant matter, we find its reasoning persuasive. As previously stated, probation rehabilitates a defendant in a less restrictive manner than total confinement. **Basinger**, **supra**. As such, logic would lead to the conclusion that a term of probation cannot be served while the defendant is imprisoned on an unrelated sentence, whether it be in a state facility as in **Allshouse** or in federal custody as with Brown.

Brown would have us adopt an approach to sentencing akin to "serve one sentence, get one free." However, this Court has specifically disapproved of such an approach. In **Commonwealth v. Hallowell**, 604 A.2d 723 (Pa. Super. 1992), the defendant argued that he should receive credit for the same period of pre-sentence incarceration served on two unrelated criminal incidents. This Court rejected Hallowell's argument, stating this would give defendant "a windfall in sentencing for a completely unrelated crime. This court does not deal in 'volume discounts.'" **Id.** at 726.

Similarly, Brown would have us grant a windfall for his time served for the above-mentioned federal crimes. This double credit argument has been rejected. **Id.**; **see also Commonwealth v. Merigris**, 681 A.2d 194, 195 (Pa. Super. 1996) (stating 42 Pa.C.S. § 9760 bars defendant from receiving credit against more than one sentence for time served).

Accordingly, we hold that Brown's probationary sentence did not commence until his release from federal custody on September 26, 2013. Because Brown committed retail theft during his probationary period, his crime was a violation of that probation. Therefore, the trial court acted within its discretion when it revoked Brown's probation and resentenced him to 48 months' reporting probation.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/9/2016