J-S85023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JUAN RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 1075 EDA 2016 |

Appeal from the PCRA Order March 10, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000374-1992

BEFORE: PANELLA, J., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY RANSOM, J.: **FILED JANUARY 09, 2017**

Juan Rodriguez appeals *pro se* from the order entered March 10, 2016, dismissing as untimely his petition for relief filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

In July 2006, following a jury trial, Appellant was sentenced to an aggregate term of twelve to forty years' incarceration for four counts of Aggravated Assault, four counts of Simple Assault, four counts of Recklessly Endangering Another Person, one count of Criminal Mischief, and one count of Criminal Conspiracy.[1]

Appellant timely filed post sentence motions that the trial court denied by operation of law. In December 1996, Appellant *pro se* filed a notice of

---

[1] Respectively, 18 Pa.C.S.A. § 2702, 18 Pa.C.S.A. § 2701, 18 Pa.C.S.A. § 2705, 18 Pa.C.S.A. § 3304(a)(2), 18 Pa.C.S.A. § 903.

appeal, and counsel was appointed. In February 1999, this Court affirmed Appellant's judgment of sentence. **Commonwealth v. Rodriguez**, 737 A.2d 811 (Pa. Super. 1999) (unpublished memorandum). Appellant did not petition to the Pennsylvania Supreme Court for review.

In January 2000, Appellant filed his first PCRA. However, Appellant mistakenly mailed the petition to the Chester County District Attorney's Office. Nevertheless, in April 2001, counsel was appointed and filed an amended PCRA petition. In October 2001, by agreement of the parties, Appellant's PCRA petition was granted in part and denied in part. Appellant was resentenced to an aggregate term of nine to twenty years followed by a consecutive ten years of probation. Appellant did not file an appeal with this Court.[2]

In September 2002, Appellant filed a Petition for Habeas relief, which the court properly treated as a second *pro se* PCRA petition. In February 2004, the PCRA court dismissed Appellant's petition. In November 2005, Appellant was paroled from his prison sentences. In August 2015, during the course of Appellant's parole, he incurred new charges.

_____

[2] The granting of Appellant's first PCRA petition did not reset the clock. Appellant is still required to file a petition within one year after the judgment of sentence becomes final or prove one of the timeliness exceptions. **See Commonwealth v. Dehart**, 730 A.2d 991, 994 n.2 (Pa. Super. 1999) (holding a successful first PCRA does not "reset the clock" for calculation of the finality of the judgment of sentence purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but rather, affected his sentence only).

Appellant filed the instant petition in February of 2016, asserting that his sentence is illegal. That same month, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. In March 2016, the PCRA court dismissed Appellant's petition.

This appeal followed. Appellant did not timely file a 1925(b) statement. However, because the trial court accepted the untimely 1925(b) statement and addressed the issues raised, we may as well. *See Commonwealth v. Brown*, 145 A.3d 184 (Pa. Super. 2016) ("where the trial court addresses the issues raised in an untimely Rule 1925(b) statement, we need not remand but may address the issues on their merits."). Also, Appellant's brief filed in this Court fails to include a statement of question involved; however, based on our review of his petition, it is evident that Appellant is challenging the legality of his sentence.[3]

The standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of the record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's factual findings deference unless there is no support for them in the certified record.

_____

[3] Although Appellant's brief may not be inconformity with Pennsylvania Rules of Appellate Procedure 2111, *et seq.*, as we find the gist of Appellant's argument comprehensible, we decline to dismiss Appellant's appeal.

***Commonwealth v. Brown***, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

We begin by addressing the timeliness of Appellant's petition, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. ***Id***. There are three exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); ***see Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000).

- 4 -

Appellant's petition is untimely.[4]  Thus, Appellant was required to plead and prove an exception to the PCRA timeliness requirements.  He has failed to do so.

Appellant challenges the legality of his sentence.  Although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition.  **Commonwealth v. Fahy**, 737 A.2d 214 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

Accordingly, the PCRA court lacked jurisdiction to entertain Appellant's claim and did not err in dismissing Appellant's petition as untimely.

Order affirmed.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/9/2017

---

[4] Appellant's petition is patently untimely.  Appellant's initial judgment of sentence became final on March 10, 1999; thirty days after this Court affirmed the judgment of sentence.  **See** § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking review).  Appellant's current petition, filed February 8, 2016, is almost sixteen years too late.