J-S76038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WAYNE CHARLES CANADA, | |
| Appellant | No. 130 EDA 2017 |

Appeal from the Judgment of Sentence October 24, 2016
in the Court of Common Pleas of Lehigh County
Criminal Division at No.: CP-39-CR-0000321-2009

BEFORE:  PANELLA, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED DECEMBER 29, 2017**

Appellant, Wayne Charles Canada, appeals from the judgment of sentence imposed following revocation of his probation.  We affirm.

The trial court set forth the relevant background of this case as follows:

> On March 30, 2009, the Appellant pled guilty to one count of Dissemination of Explicit Materials to Minor (18 Pa.C.S.A. §[] 5903(c)(1)).  On that same date, he was sentenced to serve 36 months of probation.
>
> On May 5, 2010, after the Appellant signed a waiver of his **Gagnon II** Hearing,[1] [the trial court] revoked the Appellant's original sentence and resentenced the Appellant to serve three years of probation under the supervision of the Pennsylvania Board of Probation and Parole.  On October 24, 2016, the Appellant was found in violation of his state probation when he

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

was unsuccessfully discharged from sex offender treatment. He was resentenced to serve no less than one (1) year nor more than three (3) years of state prison incarceration.

On December 21, 2016, trial counsel for the Appellant filed a Notice of Appeal *Nunc Pro Tunc*, which was granted on the same day. On January 9, 2017, [the trial court] ordered that a Statement of Errors Complained of on Appeal be filed within 21 days. Although due on January 30, 2017, appellate counsel did not file said Statement until February 2, 2017, after inquiry was made by [the trial court] as to whether or not it would be filed in accordance with the January 9, 2017 Order. Despite its untimeliness, [the court considered] the Appellant's averments and address[ed] them[.]

(Trial Court Opinion, 3/17/17, at 2-3) (footnotes omitted).[2]

Appellant raises the following question for our review: "Whether the evidence presented at the time of the **Gagnon II** Hearing was sufficient to prove that [Appellant] had violated the terms of his probation while under supervision or was the violation based upon [Appellant's] inability to pay for the required sexual offender counseling?" (Appellant's Brief, at 7). Appellant argues that the trial court's primary reason for revoking his probation was his inability to pay for the significant costs of treatment. (**See id.** at 11-13). He maintains that his difficult financial circumstances did not constitute sufficient evidence to show that probation was an ineffective rehabilitation tool or an inadequate deterrent from future antisocial behavior. (**See id.** at 13). This issue does not merit relief.

---

[2] Because the trial court addressed the issue raised by Appellant on appeal, we decline to find waiver, and it is unnecessary to remand. **See Commonwealth v. Brown**, 145 A.3d 184, 186 (Pa. Super. 2016), *appeal denied*, 165 A.3d 892 (Pa. 2017).

Our standard of review is as follows:

A challenge to the sufficiency of the evidence is a question of law subject to plenary review. We must determine whether the evidence admitted at [the hearing] and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all elements of the offenses. A reviewing court may not weigh the evidence or substitute its judgment for that of the trial court.

Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion. When assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison. In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation. [T]he reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct. Rather, this Court has repeatedly acknowledged the very broad standard that sentencing courts must use in determining whether probation has been violated[.] A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct.

\* \* \*

The burden of proof for establishing a violation of probation is a preponderance of the evidence, lesser than the burden in a criminal trial of proof beyond a reasonable doubt. But there are other noteworthy differences between a probation revocation hearing and a criminal trial, and the manner in which each proceeding affects the other also is significant:

The focus [of] a probation hearing, even though prompted by a subsequent arrest, is whether the conduct of the probationer indicates that the

probation has proven to be an effective vehicle to accomplish rehabilitation and a sufficient deterrent against future anti-social conduct. It must be emphasized that a probation revocation hearing is not a trial: The court's purpose is not to determine whether the probationer committed a crime. . . . The degree of proof necessary for probation revocation is less than that required to sustain a criminal conviction. Probation may be revoked on the basis of conduct which falls short of criminal conduct.

*Commonwealth v. Colon*, 102 A.3d 1033, 1041-42 (Pa. Super. 2014), *appeal denied*, 109 A.3d 678 (Pa. 2015) (citations and quotation marks omitted).

Here, at the revocation proceeding, the Commonwealth alleged that Appellant violated the conditions of his probation by failing to remain compliant with and successfully complete court-ordered sexual offender treatment. (*See* N.T. Hearing, 10/24/16, at 4). Theresa Comito, a therapist at Appellant's treatment provider, testified that Appellant failed to comply with program rules regarding attendance, internet access, pornography use, and alcohol consumption. (*See id.* at 5-8, 11-12). Specifically, Appellant had nineteen unexcused absences, used Facebook, viewed pornography, and drank alcohol periodically. (*See id.* at 7-8, 11-12, 18). Ms. Comito further noted that Appellant had crossed relationship boundary lines by having an affair with his sister-in-law, in his home, while his brother-in-law was present. (*See id.* at 11, 19).

With regard to Appellant's financial difficulties, Ms. Comito testified that he was informed that he could not be absent from treatment sessions because

of a lack of money, and he was permitted to participate even if his account was in arrears. (*See id.* at 7). She stated that although the program was trying to work with him on payments, they could eventually reach a point where he could not attend sessions, if he continued to increase arrears. (*See id.* 7-8, 17). However, Ms. Comito explained that Appellant's discharge from the program was based on his large number of infractions, lack of progress, and deceptive behavior. (*See id.* at 12). Probation Officer Christopher Ross likewise testified that the reason for Appellant's discharge was his lack of overall compliance with program rules. (*See id.* at 24).

Appellant testified to his financial problems, and explained that he was forced to quit his job at McDonald's because he "was supposedly making a hostile environment there[,]" by having an affair with a co-worker. (*Id.* at 26; *see id.* at 29-30, 32). Appellant stated that he had sporadic employment before he began working at a different McDonald's, and that he was unable to pay for treatment sessions. (*See id.* at 26). Appellant claimed that the treatment facility informed him that he could not attend sessions if he did not pay for them, and he believed the reason for his discharge was his inability to pay for treatment. (*See id.* at 26-29). However, upon questioning by the court, Appellant admitted that his inability to pay was not the sole reason for his discharge, and that there were other issues related to his treatment. (*See id.* at 30-31).

After hearing the testimony, the trial court concluded that the Commonwealth had demonstrated by a preponderance of the evidence that Appellant had violated his probation. (*See id.* at 34). The court explained:

> . . . [Appellant] presupposes that the [c]ourt revoked the Appellant's probation supervision merely because the Appellant did not maintain his financial responsibility and ignores the preponderance of the evidence that the Appellant was not compliant with sex offender treatment as a whole. As noted by the [c]ourt and acknowledged by the Appellant during his *Gagnon II* Hearing, the Appellant drank alcohol, viewed pornography after being instructed not to (on at least two occasions), engaged in social media on the Internet, and violated relationship boundaries while he was attending sex offender treatment. Though confronted after the first polygraph failure and after disclosures to staff and his therapy group, the Appellant did not change his behavior in treatment and continued to violate the conditions imposed on him by probation via the treatment provider, Pennsylvania Forensics. While the Appellant's outstanding financial obligation was more than the "normal" balance carried by other attendees, his unsuccessful release from sex offender treatment was not based solely on his lack of financial responsibility. The Appellant's own behavior while in treatment "indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." . . .

(Trial Ct. Op., at 6-7) (quoting *Colon*, *supra* at 1041).

After review of the record, we discern no abuse of discretion in the trial court's decision to revoke Appellant's probation. The testimony of record was sufficient to demonstrate, by a preponderance of the evidence, that Appellant violated numerous rules of the court-ordered treatment program; that he was discharged because of his overall lack of compliance; and that probation was ineffective in accomplishing rehabilitation and had not deterred his antisocial

conduct.  **See Colon**, **supra** at 1041-42.  Therefore, Appellant's sole issue on appeal merits no relief.  Accordingly, we affirm the judgment of sentence.

Judgement of sentence affirmed.


*Judgment Entered.*

_____
*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 12/29/2017*