**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK DANIEL WEIAND | : | |
| | : | |
| Appellant | : | No. 1380 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 7, 2018
In the Court of Common Pleas of Mifflin County Criminal Division at
No(s): CP-44-CR-0000395-2017

BEFORE: SHOGAN, J., DUBOW, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:      **FILED: MAY 20, 2019**

Frank Daniel Weiand (Weiand) appeals from the judgment of sentence imposed by the Mifflin County Court of Common Pleas following his entry of a plea of *nolo contendere* to one count of statutory sexual assault.[1] Specifically, he challenges his designation as a sexually violent predator (SVP). We vacate the judgment of sentence with respect to the SVP designation and affirm in all other respects.

We derive the following relevant facts and procedural history of this case from our independent review of the record. On March 9, 2018, Weiand entered a *nolo contendere* plea to the above-referenced offense. The charge

_____

[1] 18 Pa.C.S. § 3122.1(b).

_____

* Retired Senior Judge assigned to the Superior Court.

stems from his long-term sexual abuse of his daughter beginning when she was three or four years old, from approximately January 2013 through November 2016. On June 7, 2018, the trial court designated him an SVP, using a clear and convincing evidence standard of proof. (*See* N.T. Sentencing, 6/07/18, at 27). It sentenced him to a term of not less than eleven-and-a-half nor more than twenty-three months' incarceration. This timely appeal followed.[2]

Weiand challenges his SVP designation on appeal and argues that it should be vacated because it is unconstitutional under ***Commonwealth v. Butler***, 173 A.3d 1212 (Pa. Super. 2017), *appeal granted,* 190 A.3d 581 (Pa. 2018). (*See* Weiand's Brief, at 5-7) (unpaginated).[3] The response of the trial court and the Commonwealth is that any constitutional defects in the SVP designation process have been remedied by the passage of subsequent legislation. (*See* Trial Court Opinion, 8/02/18, at 1-2; Commonwealth's Brief, at 4-5).

---

[2] The record reflects that counsel for Weiand did not file a concise statement of errors complained of on appeal as directed by the trial court. *See* Pa.R.A.P. 1925(b). However, because the trial court addressed the issue raised by Weiand on appeal in its August 2, 2018 opinion, it is unnecessary to remand. ***See Commonwealth v. Brown***, 145 A.3d 184, 186 (Pa. Super. 2016), *appeal denied*, 165 A.3d 892 (Pa. 2017); Pa.R.A.P. 1925(c)(3).

[3] "We review the legality of a sentence *de novo* and our scope of review is plenary." ***Butler***, ***supra*** at 1215 (citation omitted).

By way of background, the **Butler** Court considered the constitutionality of the Sexual Offender Registration and Notification Act's ("SORNA's")[4] framework for designating a convicted defendant an SVP. **See Butler**, **supra** at 1213. The Court determined that because the relevant provision employed a clear and convincing evidence burden of proof rather than a beyond a reasonable doubt standard, the statutory scheme could not withstand constitutional scrutiny under applicable precedent. **See id.** at 1218. Specifically, it held that "section 9799.24(e)(3) of SORNA violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." **Id.** It further directed that "trial courts may no longer designate convicted defendants as SVPs, nor may they hold SVP hearings, until our General Assembly enacts a constitutional designation mechanism." **Id.** "Instead, trial courts must notify a defendant that he or she is required to register for 15 years if he or she is convicted of a Tier I sexual offense, 25 years if he or she is convicted of a Tier II sexual offense, or life if he or she is convicted of a Tier III sexual offense." **Id.**[5]

---

[4] 42 Pa.C.S. §§ 9799.10-9799.41.

[5] Statutory sexual assault is classified as a Tier III sexual offense. **See** 42 Pa.C.S. § 9799.14(d).

In response, "the Pennsylvania General Assembly passed Acts 10 and 29 of 2018." ***Commonwealth v. Wood***, 2019 WL 1595871, at *8 (Pa. Super. filed Apr. 15, 2019) (*en banc*). The express purpose of these legislative enactments was, *inter alia*, to remedy the constitutional defects of SORNA by addressing ***Butler***. ***See*** 42 Pa.C.S. § 9799.11(b)(4); 42 Pa.C.S. § 9799.51(b)(4). However, this legislation did not alter the clear and convincing evidence burden of proof used by trial courts to determine SVP status. ***See*** 42 Pa.C.S. § 9799.24(e)(3). Because the ***Butler*** Court held that this standard is unconstitutional, we are bound by its decision. ***See Commonwealth v. Reed***, 107 A.3d 137, 143 (Pa. Super. 2014) ("This Court is bound by existing precedent under the doctrine of *stare decisis* and continues to follow controlling precedent as long as the decision has not been overturned by our Supreme Court.") (citation omitted). Accordingly, we vacate Weiand's SVP status and, in accord with ***Butler***, remand this case to the trial court for the sole purpose of issuing appropriate notice to him of his registration obligation.[6]

SVP designation vacated. Judgment of sentence affirmed in all other respects. Case remanded with instructions. Jurisdiction relinquished.

Judge Dubow joins the memorandum.

Judge Shogan concurs in the result.

---

[6] We note that the Pennsylvania Supreme Court in ***Commonwealth v. Lacombe***, 35 MAP 2018 (Pa. 2018) recently granted review in its original jurisdiction to determine the issue of whether Acts 10 and 29 are constitutional.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/20/2019