J-A06036-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHRISTOPHER ALBERT KOGER :
:
Appellant : No. 251 WDA 2020

Appeal from the Judgment of Sentence Entered January 22, 2020
In the Court of Common Pleas of Washington County Criminal Division at
No(s):  CP-63-CR-0000233-2018

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:               **FILED: MARCH 31, 2021**

Christopher Albert Koger (Appellant) appeals from the judgment of sentence entered in the Washington County Court of Common Pleas, following his second revocation of parole for his conviction of possession of child pornography[1] and his second revocation of probation for his conviction of criminal use of a communication facility.[2]  Appellant challenges the sufficiency of evidence for his probation and parole revocations, arguing the Commonwealth did not establish the specific conditions of his parole and probation or that he was subject to these conditions.  We remand for the trial court to prepare a supplemental opinion addressing whether it imposed, or

_____

[1] 18 Pa.C.S. § 6312(d).

[2] 18 Pa.C.S. § 7512(a).

advised Appellant of, the terms of his probation and parole at the time of the initial sentencing.

On August 21, 2018, Appellant pled guilty to possession of child pornography and criminal use of a communication facility. For his conviction of possession of child pornography, Appellant was sentenced to eight to 23 months' incarceration. N.T. Plea & Sentencing, 8/21/18, at 16. Appellant was awarded sentencing credit and was immediately paroled to the Washington County Adult Probation Office. *Id.* at 17. For criminal use of a communication facility, Appellant was sentenced to a consecutive term of three years' probation. *Id.* At sentencing, the trial court stated:

> As special conditions of this sentence, [Appellant] shall have no contact with any victims or persons displayed in the images. [Appellant] shall submit to a drug and alcohol evaluation and complete any recommended treatment; perform 100 hours of [c]ommunity [s]ervice and complete sexual offender counseling.

N.T., 8/21/18; *See* Order of Sentence 8/21/18.

On December 21, 2018, the trial court revoked Appellant's probation and parole after he stipulated to committing technical violations.

On September 16, 2019, a second petition alleging Appellant violated his parole and probation was filed. The petition alleged Appellant violated "Condition 7, [relating to refraining] from any assaultive, threatening, or harassing behavior[,]" "Condition 1, [failing] to permit a [probation officer] to visit [him at his] residence [ ] and submit to warrantless searches of [his] residence, vehicle, property, and/or [his] person[,]" and Condition 2,

"[relating to violations of] criminal laws or ordinances." Adult Probation Office's Petition for the Revocation of Parole and Probation, 9/16/19, at 2.

The trial court held a revocation hearing on November 4, 2019. Officer Jeremy Bardo, (PO Bardo) testified that he searched Appellant's phone where he found pornographic images of a minor Appellant had been communicating with via text messages. *See* N.T., 11/4/19, at 14-15. Before retrieving his phone, Appellant stated the "probation office makes up rules." *Id.* at 9. PO Bardo testified Appellant had "been provided with a copy of the rules of the adult probation office . . . that [Appellant] signed." *Id.* After retrieving Appellant's phone, PO Bardo stated Appellant was agitated and subsequently put Appellant in custody due to his safety. *Id.* at 10. Once at the jail, Appellant threatened another officer. PO Bardo stated Appellant also had an incident prior to this where he had to be removed from a community service office where he was working in the "FITS Program." *Id.* at 7-9. The trial court found Appellant committed technical violations and revoked Appellant's parole and probation. *Id.* at 34.

The trial court conducted a resentencing hearing on January 22, 2020, and resentenced Appellant to serve the "balance of his maximum sentence" on his conviction for possession of child pornography and 1 to 3 years' confinement for his conviction of criminal use of a communication facility. N.T., 1/22/20, at 24.

J-A06036-21

Appellant filed this timely counseled appeal and complied with the court's order to file a Pa.R.A.P.1925(b) statement of errors complained of on appeal.[3]

Appellant presents the following three issues for our review:

1. Whether the trial court erred in revoking [Appellant's] parole at count 1 where the Commonwealth failed to produce sufficient evidence establishing what the actual terms and conditions of [Appellant's] parole were and [Appellant] had not been charged with or convicted of a new offense?

2. Whether the trial court abused its discretion in revoking [Appellant's] probation at count 2 where the Commonwealth failed to produce sufficient evidence establishing what the actual terms and conditions of [Appellant's] probation were and [Appellant] had not been charged with or convicted of a new offense?

3. Whether [Appellant's] parole and probation revocation sentences are illegal where the same were imposed without authority as a result of the commonwealth's failure to prove that [Appellant] violated any actual terms or conditions of his probation or parole?

Appellant's Brief at 6.

In his first two issues, Appellant argues the Commonwealth failed to present any "evidence of what the actual terms and conditions of" his parole

_____

[3] On March 4, 2020, the trial court ordered a Pa.R.A.P.1925(b) statement of errors complained of on appeal to be filed within 21 days. Appellant requested an extension, which the court granted on March 31, 2020. Appellant then filed his 1925(b) statement on April 27, 2020.

We note that Appellant untimely submitted his request for an extension to file his 1925(b) statement. However, we may still address Appellant's claims. **See Commonwealth v. Brown**, 145 A.3d 184, 186 (Pa. Super. 2016) ("[W]here the trial court addresses the issues raised in an untimely Rule 1925(b) statement, we need not remand but may address the issues on their merits.").

- 4 -

and probation were. Appellant's Brief at 17. Appellant argues the testimony at his revocation hearing was not sufficient to establish the conditions he was subject to nor the "rules [he] was required to follow[.]" *Id.* at 21-22, 26. The Commonwealth offered evidence pertaining to the incidents with Appellant's phone contents, being removed from the community center, and threatening another officer. However, the Commonwealth offered no evidence establishing Appellant's specific conditions of his parole or probation. Appellant also points out he was not charged or convicted with any new offense. Thus, he reasons, "the Commonwealth could not, by necessity, prove [he] violated a term of condition of his parole" or probation. *Id.* at 26. Appellant relies on *Commonwealth v. Foster*, 214 A.3d 1240, 1250 (Pa. 2019) ("[A] court may find a defendant in violation of probation only if the defendant has violated one of the 'specific conditions' of probation [or parole] included in the probation order or has committed a new crime."). Appellant's Brief at 23-24.

The Commonwealth responds it "is unable to locate any case law from this Court or our Supreme Court indicating that [it] is a requirement" "to provide proof of the conditions, rules, and regulations under which [Appellant] was supervised." Commonwealth Brief at 8. Nevertheless, the Commonwealth argues the Probation Office's petition, for the revocation of parole and probation, "clearly indicates the conditions and alleged violations." Commonwealth Brief at 8, *citing* Adult Probation Office's Petition for the Revocation of Parole and Probation.

In **Foster**, a defendant was sentenced to four years' probation after pleading guilty to possession and possession with intent charges. **Foster**, 214 A.3d at 1243. The defendant was subsequently detained after posting photos to social media which "depicted guns, drugs, large amounts of money and his sentencing sheet[.]" **Id.** at 1243. The violation of probation (VOP) court found the defendant in violation of his probation, but "never mentioned the conditions of [the defendant's] probation in reaching its decision," and "[t]here is no court order specifying the conditions of probation in the record." **Id.** at 1244 & n.5.

On appeal, the Pennsylvania Supreme Court considered 42 Pa.C.S. § 9754(b), which provides, "The court shall attach reasonable conditions authorized by section 9763 (relating to conditions of probation) as it deems necessary to ensure or assist the defendant in leading a law-abiding life." **See** 42 Pa.C.S. § 9754(b); **Foster**, 214 A.3d at 1248-50. Our Supreme Court stated:

> [Section 9754(b) of the Sentencing Code] requires that [t]he **court** shall attach such of the reasonable conditions authorized by subsection (c) of this section as it deems necessary to insure or assist the defendant in leading a law-abiding life. 42 Pa.C.S. § 9754(b) (emphasis added). The failure to do so is a violation of this statutory mandate. While this Court has recognized that probation officers may, consistent with their statutory authority, impose specific conditions of supervision pertaining to the defendant's probation, **see** 61 Pa.C.S. §§ 6131(a)(5)(ii), 6151, any supervision conditions imposed must be in furtherance of the trial court's conditions of probation.

**Foster**, 214 A.3d at 1244, n.5 (quotation marks and some citations omitted).

The Supreme Court thus vacated the probation revocation, concluding the Commonwealth "never contended that [the defendant] violated a specific condition of his probation" nor did they present evidence establishing that defendant violated his probation. **Foster**, 214 A.3d at 1253. As stated above, the Court held: "a court may find a defendant in violation of probation only if the defendant has violated one of the 'specific conditions' of probation [or parole] included in the probation order or has committed a new crime." **Id.** at 1250.

Here, on the record before us, we are unable to determine whether the sentencing court, on August 21, 2018, imposed the conditions Appellant has now been found to have violated. We thus remand for the trial court to prepare a supplemental opinion, within 45 days of this memorandum, addressing whether the court itself imposed or advised Appellant of the terms of his probation and parole. In preparation of the opinion, the court may conduct a hearing and/or direct the parties to file briefs.

Case remanded with instructions. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/31/2021