J-A08005-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS WOOD | : | |
| | : | |
| Appellant | : | No. 558 EDA 2024 |

Appeal from the Judgment of Sentence Entered July 14, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012382-2012

BEFORE: LAZARUS, P.J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED SEPTEMBER 3, 2025**

Thomas Wood appeals from the judgment of sentence, entered in the
Court of Common Pleas of Philadelphia County, following the revocation of his
probation.  After review, we affirm.

Wood was arrested on August 14, 2012 after he was observed engaging
in a drug transaction.[1]  Following a non-jury trial, Wood was found guilty of
possession with intent to deliver (PWID) a controlled substance[2] and one count
of possession of a controlled substance[3] on April 9, 2014.  On July 18, 2014,

---

[1] We have previously summarized the facts leading to Wood's arrest, which
are not relevant here, in a prior decision.  ***See Commonwealth v. Wood***,
193 A.3d 1067 (Pa. Super. 2018) (Table).

[2] 35 P.S. § 780-113(a)(30).

[3] ***Id.*** at § 780-113(a)(16).

the trial court sentenced Wood to thirty to sixty months' imprisonment on the PWID conviction, followed by a consecutive period of three years' probation.[4] Wood appealed and, on May 20, 2015, this Court affirmed his judgment of sentence. *See Commonwealth v. Wood*, 122 A.3d 453 (Pa. Super. 2015) (Table).

On August 25, 2015, Wood filed a timely petition under the Post Conviction Relief Act (PCRA). *See* 42 Pa.C.S.A. §§ 9541-9546. Wood's court-appointed counsel filed an amended petition on October 20, 2015. The Commonwealth filed a motion to dismiss on September 19, 2016. The trial court granted the Commonwealth's motion and dismissed the petition on March 24, 2017. Wood timely appealed, and this Court affirmed the dismissal of the PCRA petition. *See Wood*, 193 A.3d 1067.

On July 14, 2021, Wood appeared for a violation of probation (VOP) hearing. At this hearing, Wood's attorney argued that Wood's probation had expired prior to the commission of the alleged violations. *See* N.T. VOP Hearing, 7/14/21, at 35-40. Wood claimed that, because he had been incarcerated since August 14, 2012, his arrest date, on the instant charges, and his sentence was for five years' imprisonment with three consecutive years of probation, his probation would have commenced on August 14, 2020. *See id.* at 35. However, Assistant District Attorney Don Burns, Jr. Esquire,

_____

[4] The conviction for possession of a controlled substance merged with the conviction for possession with intent to distribute for the purposes of sentencing.

testified that Wood's effective probation date was July 12, 2020, and his probation expiration date was July 13, 2023. *See id.* at 37. Further, the VOP court read Wood's criminal history into the record, which included two convictions for aggravated harassment by a prisoner, for which Wood received sentences of six to twelve months incarceration in 2016 and 2017, respectively. *Id.* at 40-41.

ADA Burns additionally testified at Wood's VOP hearing regarding the alleged technical probation violations Wood committed. *Id.* at 4-7. Without presenting witnesses, ADA Burns told the VOP court about Wood failing multiple drug tests, an issue regarding Wood's place of residence, and a discrepancy regarding Wood's employment status. *Id.* at 4-5. ADA Burns also summarized a letter provided by Wood's girlfriend or ex-girlfriend, Courtney Little, who stated that Wood was physically abusive towards her, destroyed property in her home, and stole her jewelry. *Id.* at 5-6. ADA Burns further testified that Wood had also violated his probation based upon a video Wood posted to his social media, wherein he appeared to be holding a firearm. *Id.* at 6-7. ADA Burns was unable to present the video at the hearing, but he provided two screenshots from the video, which were entered into evidence along with the supervision history and the letter from Little. *Id.* at 7. Wood's counsel did not object at any point throughout the proceeding to the evidence presented.

At the close of the hearing, the VOP court found Wood to be in technical violation of his probation and sentenced him to a probation revocation

sentence of one-and-a-half to five years' incarceration. On July 15, 2021, Wood filed for reconsideration of sentence. Wood filed a supplemental motion for reconsideration of sentence on September 28, 2021, alleging that the trial court failed to credit him with time served from the date of his arrest and incarceration on August 14, 2012, until his sentencing on July 18, 2014. After a hearing on November 8, 2021, the VOP court denied Wood's supplemental motion for reconsideration.

On December 20, 2021, Wood filed a *pro se* notice of appeal. On July 20, 2023, this Court dismissed Wood's appeal as untimely. ***See Commonwealth v. Wood***, 303 A.3d 765 (Pa. Super. 2023) (Table). On November 2, 2023, Wood filed a petition for reinstatement of his appellate rights *nunc pro tunc*. The Commonwealth did not oppose this request. On January 18, 2024, the PCRA court granted Wood's petition and reinstated his appellate rights *nunc pro tunc.*

Wood filed a notice of appeal on February 15, 2024, followed by an amended notice of appeal on February 16, 2024.[5] The VOP court complied with Pa.R.A.P. 1925(a).[6] Wood raises the following issues for our review:

> (1) Whether the facts presented to the [VOP c]ourt were not
> probative and not reliable and whether the finding of a violation
> of probation was not supported by sufficient evidence? Did [the

---

[5] The amended notice of appeal added that Wood was appealing from the judgment of re-sentence for his violation of probation entered on July 14, 2021, as the initial notice of appeal used the incorrect date.

[6] The VOP court did not order Wood to file a concise statement of errors complained of on appeal pursuant Pa.R.A.P. 1925(b).

VOP court] abuse [its] discretion by finding a violation of probation and resentencing [Wood] to an additional sentence of incarceration when the evidence was unreliable and hearsay without any confrontation right and did this violate due process under the Sixth Amendment of the United States Constitution?

A) Did [the VOP court] err and abuse [its] discretion by allowing the introduction of hearsay evidence and did this preclude [Wood from] exercising his Sixth Amendment right to confront witnesses, resulting in very unreliable evidence and [a] violat[ion of] fundamental due process?

B) Did the [VOP c]ourt err by not concluding that [Wood's] probation sentence had been finished and concluded before the alleged misconduct? Did the [VOP c]ourt err by placing the burden of proof on [Wood] to demonstrate he was no longer on probation when it was the duty of the Commonwealth to demonstrate and not the duty of [Wood]? []

Appellant's Brief, at 4-5.

"[I]n an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Shires*, 240 A.3d 974, 977 (Pa. Super. 2020) (quoting *Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa. Super. 2015)). "[R]evocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Shires*, 240 A.3d at 977 (quoting *Commonwealth v. Colon*, 102 A.3d 1033, 1041 (Pa. Super. 2014)).

Wood first claims that the VOP court erred by finding that he had violated his probation when, according to Wood, he was no longer on

probation at the time of the alleged technical violations. *See* Appellant's Brief, at 30-31, 45, 48-50. Wood claims that "the [VOP c]ourt never determined when [his] probation ended or began[,]" and that "[l]ooking at the record, it is difficult to determine when the probation expired." *Id.* at 49-50. We disagree.

Sufficient evidence was put forward at the VOP hearing for the court to conclude that Wood's probation had not expired at the time of his alleged violations. At the VOP hearing, the Commonwealth claimed that Wood violated his probation on October 14, 2020, January 4, 2021, and May 5, 2021. *See* N.T. Violation of Probation Hearing, 7/14/21, at 4-5. The VOP court read Wood's criminal history into the record, which included two convictions for aggravated harassment by a prisoner. *Id.* at 40-41. The two convictions, which occurred in 2016 and 2017, respectively, carried sentences of six to twelve months' incarceration. *Id.* The Commonwealth stated at the VOP hearing that Wood had a "parole effective date of 7/12/20, and [a] probation expiration date of 7/13/23." *Id.* at 37. Therefore, because the record demonstrated that Wood's probation did not begin until July 12, 2020 because his period of incarceration was extended by his two convictions for aggravated harassment by a prisoner, the VOP court did not err in concluding that Wood was still on probation at the time of the alleged violations. *See Commonwealth v. Brown*, 145 A.3d 184, 188 (Pa. Super. 2016) (holding term of probation cannot be served while imprisoned on unrelated sentence).

Wood next argues that the Commonwealth did not produce sufficient evidence to prove a probation violation occurred, as, he alleges, "[n]ot one witness appeared[,]" "[e]verything was by hearsay[,]" and the VOP court erred in finding a violation "based solely on hearsay evidence and unreliable evidence." Appellant's Brief, at 29-30. However, Wood has waived this claim due to his failure to object to the evidence he now claims is hearsay at the VOP hearing.[7] **See** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal"); **see also Commonwealth v. Crabb**, 283 A.3d 402, at *6 n.8 (Pa. Super. 2022) (Table) (finding challenge to hearsay evidence in VOP hearing waived for failure to object); **Commonwealth v. Stevens**, 292 A.3d 1105, at *2-3 (Pa. Super. 2023) (Table) (finding challenge to hearsay evidence in VOP hearing waived for failure to object).

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/3/2025

_____

[7] We note that the VOP court did not make a finding of good cause for not allowing the confrontation of witnesses, and that "hearsay is not admissible at a [violation of probation] hearing absent a finding of good cause for not allowing confrontation." **Commonwealth v. Allshouse**, 969 A.2d 1236, 1241 (Pa. Super. 2009).

- 7 -