J-S31040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VINCENT CLARK | : | |
| | : | |
| Appellant | : | No. 1556 EDA 2024 |

Appeal from the PCRA Order Entered May 20, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0006549-2017

BEFORE: PANELLA, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED OCTOBER 16, 2025**

Appellant Vincent Clark appeals from the order dismissing his first Post Conviction Relief Act[1] (PCRA) petition. On appeal, Appellant claims the PCRA court erred by denying his after-discovered evidence claim. After review, we affirm.

The underlying facts of this case are well known to the parties. Briefly, in January 2019, Appellant was convicted of first-degree murder, person not to possess a firearm, and firearms not to be carried without a license[2] in relation to the shooting death of Michael Collier in 2015. **See** PCRA Ct. Op., 12/30/24, at 2-6; **Commonwealth v. Clark**, 1736 EDA 2019, 2020 WL 4370962, at *1 (Pa. Super. filed July 30, 2020). Thereafter, the trial court

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 2502(a), 6105(c)(2), and 6106(a)(1), respectively.

sentenced Appellant to life in prison without parole plus eight and a half to seventeen years' incarceration. Appellant appealed his judgment of sentence, which this Court affirmed on July 30, 2020. **See id.** Our Supreme Court denied Appellant's petition for allowance of appeal on May 19, 2021. **See Commonwealth v. Clark**, 475 MAL 2020, 254 A.3d 723 (Pa. 2021).

On October 1, 2021, Appellant filed the instant PCRA petition, his first.[3] Counsel was appointed for Appellant. Counsel, thereafter, filed an amended PCRA petition, to which the Commonwealth responded. On November 21, 2023, the PCRA court held an evidentiary hearing regarding Appellant's after-discovered evidence claim regarding recantation witness Kristopher Tate. Both Appellant and the Commonwealth submitted post-hearing briefs to the PCRA court. The PCRA court dismissed Appellant's PCRA petition on May 20,

---

[3] Appellant's judgment of sentence became final on August 17, 2021, ninety days after our Supreme Court denied Appellant's petition for allowance of appeal when the time to seek *certiorari* with the United States Supreme Court expired. **See** 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13 (stating a writ of *certiorari* is timely if filed within ninety days of the entry of the judgment). Accordingly, Appellant had until August 17, 2022 to file a timely first PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1). Since Appellant filed his PCRA petition on October 1, 2021, his petition is timely.

2024. Appellant filed a *pro se* notice of appeal on June 4, 2024.[4] Appellant and the PCRA court complied with Rule 1925.[5]

Appellant raises the following issue for our review:

[Did] the [PCRA] court [err by] dismissing [Appellant's] petition for post-conviction relief following an evidentiary hearing wherein

---

[4] Appellant's *pro se* notice of appeal failed to state the date of the order being appealed. Accordingly, on June 24, 2024, this Court issued a rule to show cause as to why the appeal should not be quashed as having been taken from a purported order which was not entered upon the PCRA court's docket. **See** Pa.R.A.P. 301(a)(1)(stating "no order of a court shall be appealable until it has been entered upon the appropriate docket in the trial court"); Pa.R.A.P. 904(d)(explaining that "[a] copy of the docket entry showing the entry of the order appealed from shall be attached to the notice of appeal"). On July 1, 2024, counsel filed a response to the show cause order clarifying that the appeal was from the PCRA court's May 20, 2024 order denying Appellant's PCRA petition. On August 12, 2024, this Court discharged the rule to show cause order and referred the issue to this panel. Upon review, we decline to quash the appeal. **See Commonwealth v. Scanlon**, 619 EDA 2021, 2022 WL 420163, at *2 (Pa. Super. filed Feb. 11, 2022) (unpublished mem.) (declining to quash an appeal under similar procedural circumstances). **See** Pa.R.A.P. 126(b) (stating this Court may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value). The case caption has been updated accordingly.

[5] We note that the PCRA court issued an order directing Appellant to file a Rule 1925(b) statement within twenty-one days of the entry of the order on June 25, 2024. However, Appellant failed to file a Rule 1925 statement until September 6, 2024, which is clearly beyond twenty-one days of the PCRA court's order. Generally, issues raised in an untimely Rule 1925(b) statement are waived for review. **See** Pa.R.A.P. 1925(b)(4)(viii). However, the PCRA court noted that the untimely statement did not prevent its review and addressed Appellant's issue on the merits in its Rule 1925(a) opinion. **See** PCRA Ct. Op. at 11-18. In such situations, we may address the merits of Appellant's claim on appeal. **See Commonwealth v. Brown**, 145 A.3d 184, 186 (Pa. Super. 2016) (stating that "where the trial court addresses the issues raised in an untimely Rule 1925(b) statement, we need not remand but may address the issues on their merits" (citation omitted)).

a key Commonwealth witness, Kristopher Tate, both in writing and under oath, recanted testimony offered at the time of trial?

Appellant's Brief at 5 (some formatting altered).

Appellant claims that the PCRA court erred in denying his after-discovered evidence claim regarding the recantation of trial witness Kristopher Tate. *Id.* at 10. At trial, Tate testified that, on the night of the murder, he saw Appellant near the crime scene standing next to a beige Cadillac talking to an unknown individual in the driver's seat. *Id.* at 10-11. After Appellant walked toward the crime scene and the Cadillac pulled away, Tate heard gunshots and ran to the corner of the street to see what happened where he saw Appellant enter the passenger side of the Cadillac, which left the scene. *See id.* at 11. Appellant argues that Tate's testimony was critical to his conviction and, since Tate "indicated that his testimony during [Appellant's trial] was false in its entirety" at the evidentiary hearing, the PCRA court erred in dismissing his PCRA petition and failing to award him a new trial. *Id.* at 12, 14.

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations and quotations omitted and formatting altered).

Further, it is well settled that an after-discovered evidence claim[6] requires a petitioner to establish that (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict if a new trial were granted. *Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016). "The test is conjunctive; the defendant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted." *Commonwealth v. Padillas*, 997 A.2d 356, 363 (Pa. Super. 2010).

Finally, our Supreme Court has explained that

as a general matter, recantation evidence is notoriously unreliable, particularly where the witness claims to have committed perjury. This Court has also emphasized, however, that, even as to recantations that might otherwise appear dubious, the PCRA court must, in the first instance, assess the credibility and significance of the recantation in light of the evidence as a whole.

*Commonwealth v. D'Amato*, 856 A.2d 806, 825 (Pa. 2004) (citations and quotation marks omitted).

_____

[6] Although not at issue in the instant case, we reiterate that "the newly-discovered facts exception to the time limitations of the PCRA, as set forth in [Section] 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S. § 9543(a)(2)." *Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017).

Here, the PCRA court addressed Appellant's claim as follows:

For a multitude of reasons, this court simply did not find that Mr. Tate's purported recantation testimony and/or evidence [otherwise] presented at the PCRA evidentiary hearing would have compelled a different verdict necessary to satisfy the after-discovered test.

The murder occurred on May 31, 2015. Mr. Tate provided the information to law enforcement that he testified to at trial on October 15, 2015. It was not until May 17, 2017, that the murder charges at issue were lodged against [Appellant] and only after additional evidence was acquired by the authorities in March of 2017 in the form of Breon Purnell's disclosures. The factual matrix as developed at trial clearly points to internal consistencies that reinforce Kristopher Tate's trial testimony as opposed to his alleged recantation.

More importantly, this court just does not find Mr. Tate's recantation to be credible. Based on his obvious reluctance to even participate in the PCRA evidentiary hearing and his steadfast unwillingness to "make things right" by providing such recantation testimony at any future court proceeding, the court concluded that Mr. Tate's alleged oral and written recantations, which he later retracted, were patently a product of his understandable survival instinct while he remains incarcerated in state prison and must associate with [Appellant's] imprisoned friends and/or acquaintances. This court not believing any such purported recantation necessitated the denial of [Appellant's] sought after PCRA relief.

PCRA Ct. Op. at 17-18 (some formatting altered).

After review, we conclude that the PCRA's determination is supported by the record and free of legal error. *See Sandusky*, 203 A.3d at 1043.

As noted by the PCRA court, Tate first made a statement to police in 2015. *See* Commonwealth Exh. 2 (Tate's 10/13/15 Statement). However, Appellant was not arrested until 2017, after Purnell told police that Appellant had confessed to killing the victim on the night of the murder. *See* Affidavit

of Probable Cause, 5/15/17, at 3 (detailing the information Purnell gave to police in March of 2017). In his 2015 statement and at trial, Tate identified the getaway vehicle as a tan or beige Cadillac. **See** Tate's 10/13/15 Statement at 2 (unpaginated); N.T., 1/8/19, at 43-44, 46-48. Purnell testified that Appellant confessed to him on the night of the murder. N.T., 1/8/19, at 97-101. Purnell stated that Appellant normally drove a gold Cadillac and that, a few days after the murder, he accompanied Appellant to an auto paint shop in Philadelphia where Appellant's gold Cadillac was painted black because Appellant was afraid that someone saw the getaway vehicle. **Id.** at 100, 106-107. Accordingly, as the PCRA court noted, Tate's original statement and testimony, in which he was able to correctly identify the getaway vehicle, is more consistent with the testimony of another key witness than his proffered recantation testimony.

Moreover, at the evidentiary hearing, Tate testified that he wrote the letter setting forth his recantation testimony only after he was stabbed in prison. N.T., Evidentiary Hr'g, 11/21/23, at 19-21.[7] He stated that he believed that he was stabbed as a result of his testimony in this case against

_____

[7] We note that the notes of testimony from the November 21, 2023 evidentiary hearing are not included as part of the certified record but they are included in the reproduced record attached to Appellant's brief. The Commonwealth did not object to the accuracy of the notes as they appear in the reproduced record. Because "their veracity is not in dispute, we rely on the copy contained within the reproduced record." **See C.L. v. M.P.**, 255 A.3d 514, 518 n.3 (Pa. Super. 2021) (*en banc*)(some formatting altered); **see also Commonwealth v. Brown**, 52 A.3d 1139, 1145 n.4 (Pa. 2012) (holding that an appellate court can consider a document that only appears in the reproduced record when "the accuracy of the reproduction has not been disputed" (citation omitted)).

Appellant. *Id.* at 20. Tate confirmed that he was forced into recanting his testimony and that he did not want to come to testify in court because he hoped that the letter would be enough. *Id.* at 22-23. Tate stated that he got the recantation letter to Appellant by providing it to a friend of Appellant's that was incarcerated with Tate. *Id.* at 22. Tate stated that he still had about eight years of incarceration left on his sentence. *Id.* at 25. Tate testified that he did not want to testify at the evidentiary hearing, that he did not want to testify about Appellant's case ever again, and that he did not want to testify about the recantation letter. *Id.* at 23-24. Tate confirmed that the only reason he was testifying at the hearing was that he was brought to the hearing by the Commonwealth. *Id.* at 23.

For the reasons stated above, the PCRA court's determination that Tate's recantation testimony would not likely compel a different verdict if a new trial were granted is supported by the record and free of legal error. *See Cox*, 146 A.3d at 227; *D'Amato*, 856 A.2d at 825; *Sandusky*, 203 A.3d at 1043-44. Accordingly, no relief is due.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/16/2025