J-S27027-21
J-S27028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
             :     PENNSYLVANIA
             :
      v.           :
             :
             :
LYDELL COBBS         :
             :
      Appellant      :   No. 869 WDA 2020

Appeal from the Order Entered July 22, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0013095-2002,
CP-02-CR-0013096-2002

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
             :     PENNSYLVANIA
             :
      v.           :
             :
             :
LYDELL TEEMAN COBBS     :
             :
      Appellant      :   No. 936 WDA 2020

Appeal from the PCRA Order Entered August 21, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0013095-2002,
CP-02-CR-0013096-2002

BEFORE:  OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:       **FILED: NOVEMBER 2, 2021**

  In these related *pro se* appeals, Appellant Lydell Cobbs challenges two

separate orders, and each order was entered at trial court docket numbers

---

[*] Retired Senior Judge assigned to the Superior Court.

CP-02-CR-0013095-2002 (13095-2002) and CP-02-CR-0013096-2002 (13096-2002).[1] In the appeal at 869 WDA 2020, Appellant appeals from the order entered on July 22, 2020, clarifying Appellant's credit for time served on his sentences at 13095-2002 and 13096-2002. In the appeal at 936 WDA 2020, Appellant appeals from the August 21, 2020 order denying his timely first petition filed pursuant to the Post Conviction Relief Act[2] (PCRA), and this order also applied to both trial court dockets.[3] After review, we are constrained to quash the appeal at 869 WDA 2020, and we affirm the order denying Appellant's PCRA petition at 936 WDA 2020.

Because Appellant filed a single notice of appeal from each order and each notice of appeal included both trial court dockets, we must address

_____

[1] These cases present a complicated and overlapping procedural history. However, as will be discussed in more detail below, we note that Appellant is currently *pro se* in these appeals because he has already pursued a counseled direct appeal and exhausted his direct appeal rights, and the trial court granted Appellant's PCRA counsel's motion to withdraw on January 13, 2020.

[2] 42 Pa.C.S. §§ 9541-9546.

[3] Although the orders underlying the appeals at both 869 WDA 2020 and 936 WDA 2020 involve both trial court dockets and the fact that these cases coincide and have been litigated essentially as a single case, only the certified record at trial court docket CP-02-CR-0013096-2002 was forwarded to this Court in the appeal at 869 WDA 2020, and only the certified record at trial court docket CP-02-CR-0013095-2002 was forwarded to this Court in the appeal at 936 WDA 2020. However, the notes of testimony and most of the documents in these related cases were filed at both trial court dockets and are, therefore, available for review at both dockets. Due to the overlap of the factual and procedural history of the records in these matters and the accompanying dual filings, the state of the certified record does not preclude appellate review.

whether these appeals are properly before this Court. ***See Commonwealth v. Walker***, 185 A.3d 969, 977 (Pa. 2018) (providing that where an order resolves issues on more than one docket, the proper practice under Pa.R.A.P. 341(a) is to file separate notices of appeal, and the failure to do so requires the appellate court to quash the appeal). To determine whether we are constrained to quash these appeals, we must first discuss the procedural history which necessitates a brief summary of the facts underlying Appellant's convictions. A prior panel of our Court set forth the facts of these cases as follows:

> During the year 2002, [Appellant] was permitted overnight visits with his six[-]year[-]old biological daughter. During these visits, his daughter would be required to sleep in [Appellant's] bed and on numerous occasions during the middle of the night [Appellant] would wake up his daughter and force her to perform oral sex on him. The last time that [Appellant] forced her to perform oral sex, she became sick and, in fact, threw up on [Appellant]. [Appellant] became enraged and struck her with a leather belt which he had done on previous occasions to coerce her to perform oral sex on him. After this incident, the six[-]year[-]old daughter went to her grandmother and told her what [Appellant] was doing to her and the grandmother then separated [Appellant] and his daughter and told his daughter to go to sleep in the bedroom with [Appellant's] ten[-]year[-]old sister. The six[-]year[-]old went into the ten[-]year[-]old's bedroom and they discussed what was going on and the ten[-]year[-]old then revealed to the six[-]year[-]old that [Appellant] had been doing the same things to her over an extended period of time. This information was then given to the Allegheny County Police Department, Sexual Assault and Child Abuse Unit, and they went and arrested [Appellant] on these charges. After being given his ***Miranda*** rights, [Appellant] freely confessed to the police that he had, in fact, committed these crimes against his six[-]year[-]old daughter and his ten[-]year[-]old sister.

*Commonwealth v. Cobbs*, 193 A.3d 1104, 885 WDA 2017, 2018 WL 3099210, at *1 (Pa. Super. filed June 25, 2018) (unpublished mem.) (citations and footnote omitted) (some formatting altered).

The Commonwealth charged Appellant at separate dockets for the crimes committed against each child.  On April 6, 2004, Appellant concurrently entered negotiated guilty pleas encompassing both dockets.  At trial court docket 13095-2002, which involved the crimes Appellant committed against his daughter, Appellant pled guilty to two counts of involuntary deviate sexual intercourse (IDSI), two counts of indecent assault, two counts of indecent exposure, two counts of incest, and a single count each of endangering the welfare of a child, and corruption of minors.[4]  At trial court docket 13096-2002, which involved the crimes Appellant perpetrated upon his sister, Appellant pled guilty to IDSI, indecent assault, incest, and corruption of minors.[5]

On August 5, 2004, the trial court sentenced Appellant at both trial court dockets.  At 13095-2002, the trial court sentenced Appellant to a term of five to ten years of incarceration followed by five years of probation for IDSI, and a determination of guilt without further penalty on the remaining counts.  N.T., 8/5/04, at 50; Sentencing Order (13095-2002), 8/5/04.  At 13096-2002, the trial court sentenced Appellant to a term of five to ten years of incarceration

---

[4] 18 Pa.C.S. §§ 3123, 3126, 3127, 4302, 4304, and 6301, respectively.

[5] 18 Pa.C.S. §§ 3123, 3126, 4302, and 6301, respectively.

followed by five years of probation for IDSI, and a determination of guilt without further penalty on the remaining counts. N.T., 8/5/04, at 50; Sentencing Order (13096-2002), 8/5/04. The trial court directed the sentences at 13095-2002 and 13096-2002 to be served concurrently resulting in an aggregate sentence of five to ten years of incarceration followed by five years of probation. Appellant served the maximum sentence of ten years of incarceration and was released to a halfway house to begin serving the five-year term of probation.

Appellant had numerous technical violations of his probation, and on March 7, 2016, the trial court revoked Appellant's probation and resentenced Appellant. At 13095-2002, the trial court sentenced Appellant to five to ten years of incarceration for IDSI. Sentencing Order (13095-2002), 3/7/16. Similarly, at 13096-2002, the trial court sentenced Appellant to five to ten years of incarceration for IDSI. Sentencing Order (13096-2002), 3/7/16. The trial court ordered these sentences to be served consecutively for an aggregate term of ten to twenty years of incarceration. *Id.*

Appellant did not file an appeal from the judgment of sentence. However, on June 21, 2016, Appellant filed a PCRA petition, and on May 8, 2017, the trial court granted Appellant PCRA relief reinstating his post-sentence and appellate rights *nunc pro tunc*. Counsel was appointed and filed a post-sentence motion for reconsideration of sentence. The trial court denied Appellant's post-sentence motion on June 7, 2017, and Appellant filed a direct appeal *nunc pro tunc*. On June 25, 2018, a panel of this Court affirmed

Appellant's judgment of sentence. ***Cobbs***, 193 A.3d at 1104 (unpublished mem.). Thereafter, Appellant filed a petition for allowance of appeal with our Supreme Court that was denied on November 27, 2018. ***Commonwealth v. Cobbs***, 198 A.3d 328 (Pa. 2018).

On September 9, 2019, Appellant filed a timely PCRA petition. As noted above, chronologically this filing was actually Appellant's second PCRA petition, but because his first PCRA petition resulted in the reinstatement of his direct appeal rights *nunc pro tunc*, the September 9, 2019 PCRA petition was treated as a timely first PCRA petition. ***See Commonwealth v. Vega***, 754 A.2d 714, 716 n.3 (Pa. Super. 2000). On November 1, 2019, the trial court appointed PCRA counsel to represent Appellant. On December 23, 2019, PCRA counsel filed a ***Turner***/***Finley***[6] letter and motion to withdraw concluding that there were no meritorious issues. On January 13, 2020, the trial court granted PCRA counsel's motion to withdraw and informed Appellant of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. On June 17, 2020, before the trial court ruled on Appellant's PCRA petition, Appellant filed a separate motion for credit for time served.[7]

_____

[6] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) (providing the requirements for appointed counsel to withdraw from representation on collateral review), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (same).

[7] Appellant's PCRA petition was pending before the trial court when Appellant filed his motion for time credit, and we discern no error in the trial court treating Appellant's subsequent motion for time credit outside the parameters

On July 22, 2020, the trial court entered an order clarifying Appellant's credit for time served, and on August 21, 2020, the trial court dismissed Appellant's PCRA petition. Appellant filed a single notice of appeal from each order and included both trial court docket numbers on each appeal. The appeal from the July 22, 2020 order was docketed at 869 WDA 2020, the appeal from the August 21, 2020 order was docketed at 936 WDA 2020.

Because Appellant included both trial court docket numbers on each notice of appeal, on September 29, 2020, this Court issued a rule to show cause at both 869 WDA 2020 and 936 WDA 2020, why the appeals should not be quashed pursuant to **Walker**.

Appellant filed a response on October 19, 2020, at 869 WDA 2020 asserting that he should be excused from filing separate appeals at each trial court docket because the trial court did not "properly advise the appellant of the need to file two separate notices of appeal at each docket, which constitutes a breakdown in the process of the Court as previously recognized by this Court in **Commonwealth v. Stansbury**, [219 A.3d 157, 159-61 (Pa. Super. 2019), *appeal denied*, 235 A.3d 1073 (Pa. 2020)]."[8] Response to Rule,

_____

of the PCRA. As will be discussed in greater detail below, when a petitioner is challenging neither the legality of the sentence nor the calculation of the sentence but seeks clarification of a sentence and corresponding credit for time served, it is a claim that falls outside the PCRA. **Commonwealth v. Perry**, 563 A.2d 511, 512-13, (Pa. Super. 1989).

[8] In **Stansbury**, this Court held that where there were two docket numbers and the PCRA court informed the petitioner that he could pursue appellate

10/19/20, at 1.  Appellant did not file a separate response to the rule at 936 WDA 2020.  However, on October 20, 2020, we discharged the rules at both 869 WDA 2020 and 936 WDA 2020 and informed the parties that the panel assigned to determine the merits of the appeal may revisit the issue.

In **Commonwealth v. Johnson**, 236 A.3d 1141 (Pa. Super. 2020) (*en banc*), *appeal denied*, 242 A.3d 304 (Pa. 2020), we "observe[d] that [Pa.R.A.P.] 341 and **Commonwealth v. Walker**, 189 A.3d, 969, 977 (Pa. 2018), make no mention of case numbers on a notice of appeal." **Johnson**, 236 A.3d at 1148.  Specifically, the **Johnson** Court stated that where an appellant files a separate notice of appeal at each trial court docket, "[t]he fact that the notices [of appeal] contained [more than one trial court docket number] is of no consequence." **Id.**

Concerning our conclusion relative to whether we are constrained to quash these appeals, we first address the appeal from the August 21, 2020 order denying PCRA relief at both trial court dockets that was docketed in our Court at 936 WDA 2020.  In the August 21, 2020 order denying Appellant's PCRA petition, the trial court directed Appellant to file a single notice of appeal, contrary to the holding in **Walker**.  Accordingly, the trial court misinformed Appellant of his appellate rights under the PCRA, and due to this breakdown,

---

review by filing a single notice of appeal as opposed to separate notices of appeal, the error constituted a breakdown in the operation of the court allowing our Court to overlook the defective nature of the appeal rather than quash pursuant to **Walker**.  **Stansbury**, 219 A.3d at 160.

we decline to quash the appeals concerning the denial of PCRA relief at 936 WDA 2020. *See Stansbury*, 219 A.3d at 160.

However, although the July 22, 2020 order clarifying Appellant's credit for time served contained no information or instruction regarding Appellant's appellate rights, that appellate information was not required. The exception to *Walker* found in *Stansbury* was based on Pa.R.Crim.P. 907. *Stansbury*, 219 A.3d at 159. Rule 907 provides in relevant part as follows: "When the [PCRA] petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, **of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed**." Pa.R.Crim.P. 907(4) (emphasis added). Under the holding in *Stansbury*, misstatement of the law or incorrect instruction concerning the right to appeal in collateral matters under the PCRA may constitute a breakdown and prevent a single appeal at multiple trial court dockets from being quashed. *Stansbury*, 219 A.3d at 160.

However, Appellant's motion for time credit was properly addressed outside of the PCRA. When a criminal defendant seeks or challenges credit for time, there are three available courses of action. "If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation." *Perry*, 563 A.2d at 512-13, (Pa. Super. 1989) (citation

omitted). However, if "the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed." ***Id.*** at 513 (citation omitted and some formatting altered). "It was only when the petitioner challenges the **legality** of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence was deemed cognizable as a due process claim in PCRA proceedings." ***Id.***

As noted, the trial court did not treat Appellant's motion for time credit as a PCRA petition. Rather, the trial court treated Appellant's filing as a motion for clarification and entered a responsive order on July 22, 2020, clarifying Appellant's sentence. Because Appellant's motion and the July 22, 2020 order were outside the confines of the PCRA, Rule 907(4) has no application, and ***Stansbury*** does not provide an exception to the holding in ***Walker*** with respect to the appeals at 869 WDA 2020. Accordingly, Appellant improperly filed one appeal from an order entered at two docket numbers in violation of ***Walker***, the exception in ***Stansbury*** does not apply, and we are constrained to quash Appellant's appeal at 869 WDA 2020. Therefore, we address only Appellant's appeal at 936 WDA 2020.[9]

_____

[9] Nevertheless, we point out that Appellant raised a cognizable challenge to the legality of the VOP sentence concerning the application of time credit in his PCRA petition, and we will address that claim in our disposition of the appeal at 936 WDA 2020.

At 936 WDA 2020, Appellant filed a concise statement of errors complained of on appeal. On January 12, 2021, the trial court filed its Rule 1925(a) opinion.

On appeal, Appellant presents the following issues:

1. Whether the trial court erred when it failed to credit Appellant with 3,650 days of credit for time served in custody when it resentenced Appellant on March 7, 2016?

2. Whether the trial court erred when it violated Appellant's due process rights at sentencing on March 7, 2016?

3. Whether the trial court erred when it resentenced Appellant without allowing Appellant to call his witnesses on March 7, 2016?

Appellant's Brief at 4 (some formatting altered).

Our standard of review is well settled:

This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

***Commonwealth v. Benner***, 147 A.3d 915, 919 (Pa. Super. 2016) (citation omitted).

Appellant first claims that his VOP sentence is illegal because the 3,650 days he served on his original sentence should count toward the VOP

sentence. Appellant's Brief at 11. Appellant also asserts that the VOP sentence was not imposed on the first-degree felony conviction for IDSI, but that the VOP sentence was imposed on the second-degree felony conviction for incest at trial docket 13095-2002. *Id.* at 14. Appellant contends that at the time of his initial sentence in 2004, he was sentenced to a term of guilty without further penalty on the incest count. *Id.* Therefore, he argues that the trial court was not permitted to impose a sentence for incest upon the revocation of probation at trial docket 13095-2002 resulting in an illegal sentence. *Id.* at 14-15.

We note that a criminal defendant is entitled to credit for time served against the maximum term and any minimum term for all "time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal." 42 Pa.C.S. § 9760(1). Section 9760 bars a defendant from receiving credit against more than one sentence for time served. *Commonwealth v. Brown*, 145 A.3d 184, 188 (Pa. Super. 2016) (citing *Commonwealth v. Merigris*, 681 A.2d 194, 195 (Pa. Super. 1996)).

We conclude that Appellant's entire argument on this issue is misplaced. Appellant did receive credit for the ten years he served on the original sentence, because as we noted above, Appellant "maxed out," or served the entire maximum term of ten years on that sentence for IDSI. At the time of Appellant's criminal acts, IDSI had a statutory maximum term of twenty

years,[10] Appellant received credit for the ten years that he served on the original sentence, the trial court ordered Appellant to serve the remaining available ten years under the statute, and the trial court awarded Appellant with credit for time served.[11] Appellant's VOP sentence of five to ten years, combined with the time to which he was previously sentenced, which was also five to ten years, does not exceed the twenty-year maximum amount of time to which he can be sentenced for each conviction for IDSI. Appellant's VOP sentence is a legal sentence.[12]

Moreover, there is no merit to Appellant's claim that the trial court imposed the VOP sentence on a crime other than IDSI at 13095-2002. We are cognizant that at the VOP sentencing, it was initially unclear at which count the trial court resentenced Appellant. **See** N.T., 3/7/16, at (14-15). Compounding this confusion was the fact that the probation officer errantly stated that Appellant was resentenced on "count 2" because Appellant had

---

[10] At the time Appellant committed his criminal acts against his daughter and his sister in 2002, IDSI was graded as a first-degree felony with a statutory maximum sentence of twenty years. **See** 18 Pa.C.S. § 3123(a)(1); 18 Pa.C.S. § 1103. We note that the statutory maximum sentence for IDSI with a child under thirteen years of age was later increased to forty years. **See** 2002, Dec. 16, P.L. 1953, No. 226, § 1.1 (eff. Feb. 14, 2003).

[11] As stated, on July 22, 2020, the trial court also clarified its award of time credit. Order, 7/22/20.

[12] We reiterate that the trial court ordered that Appellant was to receive credit for time served, and any challenge Appellant may have with the computation of credit for time served must be raised in an original action before the Commonwealth Court. **See Perry**, 563 A.2d at 512-13.

"maxed out" at count 1 at 13095-2002, and in the confusion, the trial court agreed with this misstatement. *Id.* at 15. Further perpetuating this error, in its Rule 1925(a) opinion, although the trial court correctly identified that VOP sentence as being imposed at count 1, it mistakenly referred to the name of the crime as "incest" instead of "IDSI." Trial Ct. Op., 1/12/21 at 5. These misstatements are the basis for Appellant's belief that he was resentenced on a count where the trial court originally imposed a sentence of guilty without further penalty. Appellant's Brief at 14. Ultimately, however, we conclude that this confusion does not provide a basis for relief because the written sentencing order controls. *See Commonwealth v. Willis*, 68 A.3d 997, 1010-11 (Pa. Super. 2013) (stating that, generally, if there is a discrepancy between the sentence as written and orally pronounced, the written sentence controls). As noted above, the written sentencing order clearly provides the legal sentence of five to ten years of incarceration for IDSI at both trial court dockets. *See* Sentencing Order (13095-2002), 3/7/16; *see also* Sentencing Order (13096-2002), 3/7/16. Although Appellant contends that the VOP sentence at 13095-2002 was not imposed for IDSI, the record clearly refutes this claim.

For the reasons stated above, when the trial court imposed the VOP sentence, it awarded Appellant credit for the time served. Moreover, the trial court clearly imposed the VOP sentence on IDSI. Appellant's first issue is meritless.

In his second issue, Appellant baldly asserts that the trial court erred when it violated Appellant's due process rights at sentencing on March 7, 2016. Appellant's Brief at 16. In its Rule 1925(a) opinion, the trial court concluded that although this issue was raised in Appellant's Rule 1925(b) statement, the issue was too vague for review. Trial Ct. Op., 1/12/21 at 5.

In addressing the preservation of issues in a Rule 1925(b) statement, we note that generally:

> [I]ssues not raised in a Rule 1925(b) statement will be deemed waived for review. An appellant's concise statement must properly specify the error to be addressed on appeal. In other words, the Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal. A concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all. The court's review and legal analysis can be fatally impaired when the court has to guess at the issues raised. Thus, if a concise statement is too vague, the court may find waiver.

*Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa. Super. 2011) (internal citations and quotation marks omitted) (some formatting altered).

We note that in his brief on appeal, Appellant attempts to expand this argument into a challenge to the admissibility of evidence and an allegation of hearsay at his VOP hearing. Appellant's Brief at 17. First, as noted, issues not raised in a Rule 1925(b) statement are waived. *Hansley*, 24 A.3d at 415. Moreover, even if we were to reach this hearsay allegation, there was no objection on the record preserving this admissibility/hearsay claim for review. *See* Pa.R.A.P. 302(a); *see also Commonwealth v. McFalls*, 251 A.3d 1286,

1293 (Pa. Super. 2021) (stating that to preserve an issue for review, a party must make a timely and specific objection at trial, and this Court "will not consider a claim on appeal which was not called to the trial court's attention at a time when any error committed could have been corrected" (citation and internal quotation marks omitted)). This issue is also waived because it could have been raised in Appellant's direct appeal, but it was not. *See* 42 Pa.C.S. § 9544(b) (discussing waiver of issues under the PCRA). For these reasons, we conclude that Appellant waived this issue.

In his final issue, Appellant contends that the trial court erred in resentencing Appellant on March 7, 2016, without allowing Appellant to call witnesses. Appellant's Brief at 18. Appellant alleges that he wanted to call Probation Officer Fortunato as a hostile witness to show that she hated him for refusing her sexual advances and declining to have a relationship with her. *Id.* at 19. Appellant attempts to craft this into a claim of ineffective assistance of counsel for counsel's failure to "clear" the prejudice and trial court bias against him. *Id.* at 18-19.

This issue was presented very differently in Appellant's Rule 1925(b) statement, and it read as follows: "The trial court erred when it resentenced Appellant without allowing Appellant to call on his witness on March 7, 2016." Rule 1925(b) Statement, 9/30/20, at 2. We conclude that Appellant's claim that the trial court excluded evidence should have been raised on direct appeal. Appellant's failure to raise this issue on direct appeal results in waiver. *See* 42 Pa.C.S. § 9544(b).

- 16 -

We note that the issue Appellant now attempts to argue in his appellate brief was not raised in Appellant's Rule 1925(b) statement. As noted, issues not raised in a Rule 1925(b) statement are waived for appellate review. ***See Hansley***, 24 A.3d at 415. Appellant is entitled to no relief on this final issue.

For the reasons set forth above, we quash the appeal at 869 WDA 2020. Furthermore, we discern no error in the trial court's denial of Appellant's PCRA petition, and Appellant's challenge to the order denying PCRA relief is meritless. Accordingly, we affirm the order in the appeal at 936 WDA 2020.

Appeal quashed at 869 WDA 2020. Order affirmed in the appeal at 936 WDA 2020. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/02/2021