J-S08035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KALLILE CAMERON | : | |
| | : | |
| Appellant | : | No. 786 EDA 2024 |

Appeal from the Judgment of Sentence Entered February 15, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006104-2022

BEFORE:  DUBOW, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　　　**FILED JUNE 6, 2025**

Appellant, Kallile Cameron, appeals the judgment of sentence imposed by the Court of Common Pleas of Philadelphia County after the trial court found him guilty of possession of a controlled substance with intent to deliver and possession of marijuana.[1]  He challenges the denial of his motion to suppress physical evidence, the sufficiency of the evidence sustaining his convictions, and the discretionary aspects of his sentence.  We affirm.

On June 28, 2022, Officer Bryan Otterbridge of the Philadelphia Police Narcotics Strike Force was engaged in a narcotics surveillance operation in the area of the 2200 block of Felton Street in Philadelphia.  **See** N.T. Suppression

---

*Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30) and 35 P.S. § 780-113(a)(31), respectively.

Hearing, 12/12/22, 6-8, 11-12.[2]  Appellant was on that block selling T-shirts from a table stand on the west side of the street just south of a parked Chevrolet Traverse sports utility vehicle ("SUV").  *Id.* at 22-23.  At 4:55 p.m., Officer Otterbridge saw Appellant engage in a brief conversation with a woman, after which Appellant momentarily went into the rear of the nearby SUV, beyond Officer Otterbridge's line of sight.  *Id.* at 12.  After Appellant returned to the officer's view, the officer watched him hand the woman small objects in exchange for an undetermined amount of money.  *Id.*  The woman then crossed nearby Woodland Avenue and departed on a westbound Southeastern Pennsylvania Transportation Authority ("SEPTA") trolley.  *Id.* at 12-13.  Given her use of the public transportation trolley, the police did not pursue the woman.  *Id.* at 13.

At 5:30 p.m., Officer Otterbridge watched Appellant engage in a brief conversation with a different woman, later identified as Kimberly Barron.  *See* N.T. Suppression Hearing, 12/12/22, 13.  Consistent with the prior observed exchange, Officer Otterbridge watched Appellant enter the nearby SUV, momentarily out of the officer's view.  *Id.*  After returning to the officer's view, Appellant handed Barron small objects in exchange for money.  *Id.*  Officer

---

[2] As addressed *infra*, we are only able to conduct substantive review of Appellant's claim challenging the denial of his suppression motion because Appellant raised his remaining claims for the first time on appeal and failed to ensure the presence of the notes of testimony for his trial and sentencing hearing in the certified record for this appeal.  Accordingly, we rely exclusively on the testimony from the hearing on the suppression motion for our summary of the facts for this appeal.

Otterbridge relayed information about Barron to his fellow officers, and one of the officers stopped her "around the corner on 62nd Street," and recovered three clear-and-black Ziploc packets and one green Ziploc packet, each containing marijuana, from Barron.[3]  *Id.* at 13, 31.  The officers issued Barron a code violation notice and released her.  *Id.* at 13.

At 5:39 p.m., Barron returned to the area of Officer Otterbridge's surveillance operation, traveling eastbound on Woodland Avenue while Appellant was walking southbound on Felton Street.  *See* N.T. Suppression Hearing, 12/12/22, 13-14.  Fearing that the officers would then lose Appellant, the Narcotics Strike Force officers converged on the 2200 block of Felton Street and detained Appellant.  *Id.* at 14.  Appellant identified himself as "Lester Harrison" to the officers.  *Id.* at 12.

---

[3] Unlike the rest of the packets recovered in this case, the packets recovered from Barron were labeled, "legal or not":

> Q.  And it turns out what she had on her was a small clear-and-black [Ziploc] packet labeled, quote/unquote legal or not; is that correct?
>
> A.  That is a fair statement.
>
> Q.  And there was no packaging in this case that had those markings of, quote/unquote, legal or not; is that a fair statement?
>
> A.  That is a fair statement.

N.T. Suppression Hearing, 12/12/22, 31.

From Appellant's person, the officers recovered three clear-and-black Ziploc packets, one clear Ziploc packet, and one clear sandwich bag, all of which contained marijuana, and eighty-three dollars in cash. *See* N.T. Suppression Hearing, 12/12/22, 12. The officers transported the Chevrolet Traverse SUV to a secure police facility where, at 10:30 p.m. that evening, they executed a search warrant on the vehicle, identified as "Search Warrant 254141." *Id.* at 14, 17. From the center console of the SUV, the police recovered seven hundred and fifty dollars in cash. *Id.* at 17. From the rear of the SUV, the officers recovered twenty clear-and-black Ziploc packets, three clear Ziploc packets, and four clear sandwich bags, all of which contained marijuana. *Id.* at 17-18. From the driver's side of the SUV, the officers recovered a .40-caliber Smith and Wesson firearm that was loaded with nineteen live rounds; the gun was in "stolen status out of Delaware County." *Id.* at 18.

On October 11, 2022, Appellant filed a motion to suppress physical evidence in which he alleged that the police "stopped, searched, and arrested him without probable cause or reasonable suspicion" and the "arrest, search[,] and seizure of [him] and [the] vehicle w[ere] conducted without a warrant and in violation of petitioner's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and his rights under the Pennsylvania Constitution." Suppression Motion, 10/11/22, ¶¶ 3, 5.

On December 12, 2022, the suppression court presided over a hearing on Appellant's motion. The Commonwealth presented the testimony of Officer

Otterbridge, whose testimony was consistent with the above summary of the facts. Prior to the presentation of the live testimony, the parties stipulated to the admission of a copy of Search Warrant 254141 that lacked signatures for Officer Otterbridge and an issuing authority. *See* N.T. Suppression Hearing, 12/12/22, 5-6; Exhibit C-8, Search Warrant 254141 Copy, 6/28/22. With respect to the absence of signatures on the stipulated copy of the search warrant, Officer Otterbridge blamed the absence of the signatures on a clerical error, which occurred during the scanning of documents for exchange in discovery:

> Q. Officer, this has already been moved into evidence as Commonwealth Exhibit C-8, so I just have a handful of questions, quickly.
>
> *    *    *
>
> Was this the search warrant that you completed and submitted to be approved?
>
> A. Yes, sir.
>
> Q. Okay. And is there -- this copy doesn't have a search warrant -- a signature, I apologize. Do you know why that would be?
>
> A. We scanned the wrong copy into evidence. In other words, when we get done, this is the copy that's sent to the District Attorney's Office for approval of the search warrant. Then we come down and have the magistrate sign and approve the warrant. So basically, we just made a mistake. We scanned the wrong copy into the discovery. We should have scanned the signed copy and not --
>
> > [DEFENSE COUNSEL]: Your Honor, I object. The best evidence rules, I think, require that --
> >
> > THE COURT: Overruled.

> [DEFENSE COUNSEL]: -- virtual copy, not the speculation.
>
> THE COURT: Overruled.
>
> Q. Officer, this is the copy that was submitted and later approved by a magistrate?
>
> A. Yes, sir. If you look at the warrant itself, it says, approved by ADA Kate Thompson, and it has the date which is 6/28, and it was approved at 9:17.

N.T. Suppression Hearing, 12/12/22, 15-16.

As for his claim that he was stopped, searched, and arrested without probable cause, Appellant argued that the evidence was lacking to show that he had been dealing drugs because his observed interactions were consistent with his efforts to sell T-shirts from a stand, only one presumed buyer was stopped by the police, and the stopped buyer was found with a packet labeled differently from all of the other packets recovered in this case. *See* N.T. Suppression Hearing, 12/12/22, 42-44. He also argued that the search warrant for the SUV search was defective because the Commonwealth never proffered a copy that was signed by an issuing authority. *Id.* at 44-46.

After holding a decision under advisement, the court denied the suppression motion on January 17, 2023. *See* Order (motion to suppress), 1/17/23, 1. The court explained its conclusions of law as follows:

> The [c]ourt had the opportunity to observe the demeanor of the witness during his testimony and to [assess] his credibility. The [c]ourt also considered [defense counsel's] January 6, 2023 email with citations to [case law] and additional argument regarding defendant's expectation of privacy in in the vehicle. Defendant did have an expectation of privacy in the [Chevrolet] Traverse.

However, Officer [Otterbridge] observed two transactions which, based on his significant experience, led him to conclude that he had observed two illegal narcotics transactions. Defendant counters that these observations are unreliable because one of the buyers was not apprehended and the other was found to be in possession of packets of marijuana which did not match the packaging of the marijuana confiscated from defendant's person and vehicle. Although the pack at the times [sic] were similarly clear and black, the defendant's drugs were not stamped ["]legal or not.["] This would go to either Officer [Otterbridge's] observations and/or his credibility. The [c]ourt accepted the officer's testimony as credible. Similarly, the [c]ourt accepted Officer [Otterbridge's] explanation as to why the assistant district attorney was in possession of an unsigned copy of the warrant during the motion. It was an honest mistake.

Hearing the totality of the circumstances in a commonsense way and considering the experience of this particular officer, there was sufficient probable cause to believe defendant was engaged in the illegal sale of marijuana, and there's probable cause for his arrest, search of his person, and the issuance of the warrant to search his vehicle. For these reasons, the defendant's motion to suppress is denied.

N.T. Suppression Hearing, 1/17/23, 9-10.

On December 13, 2023, Appellant waived his right to be tried by a jury, and the trial court found him guilty of the above-referenced offenses.[4] On February 15, 2024, the court sentenced Appellant to six to twelve months' imprisonment for the delivery charge and no further penalty for the simple possession charge. *See* Order (sentencing), 2/15/24, 1. Appellant did not

_____

[4] The court also found him not guilty of carrying firearms by a prohibited person (18 Pa.C.S. § 6105(a)(1)(5)), carrying firearms without a license (18 Pa.C.S. § 6106(a)(1)), and carrying firearms on public streets or public property in Philadelphia (18 Pa.C.S. § 6108). *See* Trial Disposition and Dismissal Form, 12/13/23, 1-2.

file any post-sentence motion. He timely filed a notice of appeal.[5] *See* Notice of Appeal, 3/7/24, 1.

The trial court ordered Appellant to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). *See* Order (Rule 1925(b)), 3/13/24, 1. Appellant filed a Rule 1925(b) statement, one day beyond the court's stated deadline for the filing the statement. *See* Rule 1925(b) Statement, 4/4/24, 1. In the statement, Appellant identified the following claim to be addressed by the trial court in its opinion:

> The suppression court erred in denying the defendant's motion to suppress physical evidence as the Commonwealth failed to present evidence that the search warrant for the defendant's vehicle was signed by a judicial authority certifying that it had reviewed the warrant for a probable cause determination and therefore, the search warrant was invalid and defective.

*Id.* (record citations omitted).[6]

Appellant presents the following questions for our review:

1.    Whether the suppression court erred by denying [Appellant's] motion to suppress physical evidence when the Commonwealth failed to present evidence that the search

---

[5] As this appeal was pending, trial counsel requested and was granted leave of court to withdraw from representation of Appellant. *See* Superior Court Order, 4/18/24, 1; Counsel Withdrawal Motion, 3/20/24, 1-2. Present counsel was thereafter appointed. *See* Order (motion for appointment), 5/17/24, 1.

[6] As the only issue raised in the Rule 1925(b) statement involved the denial of the suppression motion, the judge who sat as the trial court filed an opinion requesting the judge who sat as the suppression court to file a supplemental opinion. *See* Trial Court Opinion, 5/13/24, 1-2. The suppression court thereafter filed an opinion evaluating the claim identified in the Rule 1925(b) statement. *See* Suppression Court Opinion, 6/4/24, 1-8.

warrant for [A]ppellant's vehicle was signed by a judicial authority certifying that it had reviewed the warrant for probable cause, and therefore, whether the search was invalid and defective and the search was unconstitutional[?]

2. Whether the evidence presented at trial was sufficient to establish each and every element of the crimes for which [A]ppellant was convicted[?]

3. Whether the sentencing court abused [its] discretion by imposing a manifestly excessive sentence that was not based upon the gravity of the violation, the extent of [A]ppellant's record, his prospect of rehabilitation, nor an assessment of the mitigating and aggravating factors as noted in Section 9721 of the Sentencing Code[?]

Appellant's Brief, 8.

Before engaging in substantive review, we must address multiple procedural issues of concern. First, Appellant filed an untimely Rule 1925(b) statement. The trial court's Rule 1925 order permitted Appellant to file a responsive Rule 1925(b) statement within twenty-days, a deadline that would have elapsed on Wednesday, April 3, 2024. *See* Order (Rule 1925(b)), 3/13/24, 1. Appellant electronically filed his Rule 1925(b) statement on April 4, 2024, even though the statement was dated by counsel on April 3, 2024. *See* Rule 1925(b) Statement, 4/4/24, 1. Generally, the untimely filing of a court-ordered Rule 1925(b) statement results in the waiver of all issues on appeal. *See Commonwealth v. Andrews*, 213 A.3d 1004, 1010 (Pa. Super. 2019) (noting that the "complete failure to file the [court-ordered Rule] 1925(b) statement … [and the] untimely filing [of a Rule 1925(b) statement] is *per se* ineffectiveness because it is without reasonable basis designed to

effectuate the client's interest and waives all issues on appeal") (citation omitted).

In this instance, we need not remand for a new Rule 1925(b) statement because the trial court and suppression court filed a Rule 1925(a) opinion addressing the issue raised in Appellant's untimely Rule 1925(b) statement. *See Commonwealth v. Brown*, 145 A.3d 184, 186 (Pa. Super. 2016) ("where the trial court addresses the issues raised in an untimely Rule 1925(b) statement, we need not remand but may address the issues on their merits").

We must further determine which of Appellant's claims have been preserved for our review. "[A]ny issues not raised in a Rule 1925(b) statement will be waived for appellate review." *Commonwealth v. Bonnett*, 239 A.3d 1096, 1106 (Pa. Super. 2020); *see also* Pa.R.A.P. 1925(b)(4)(ii) (requiring a Rule 1925(b) statement to "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge"); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Here, Appellant's failure to include his challenges to the sufficiency of the evidence and the discretionary aspects of his sentence in his Rule 1925(b) statement waives those issues for our review. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (to preserve a discretionary sentencing issue, an appellant must raise the issue in, *inter alia*, a Rule 1925(b) statement); *Commonwealth v. Garland*, 63 A.3d 339, 344

(Pa. Super. 2013) (holding that, to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element(s) upon which the appellant alleges that the evidence was insufficient).

Even if Appellant's sufficiency and sentencing challenges had been properly preserved in his Rule 1925(b) statement, those claims would be waived for an additional reason. There is no indication in the record that Appellant ordered a transcription of the trial and sentencing proceedings. Appellant also appears to rely exclusively on the notes of testimony for his suppression hearing in support of his sufficiency claim and does not reference the notes of testimony from his trial and sentencing hearing. Moreover, there is no indication in the record that the absence of the trial and sentencing transcripts was caused by a breakdown in the judicial process. The notes of testimony from the trial and the sentencing hearing are critical to our ability to meaningfully review the second and third issues presented. Appellant's failure to ensure that the trial and sentencing proceeding transcripts were made part of the record for this appeal supports an additional basis for waiver of the second and third issues. *See Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*) ("[A]ny claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review."); *Commonwealth v. Little*, 879 A.2d 293, 301 (Pa. Super. 2005) (noting that it is an appellant's duty to "ensure that the certified record is complete for purposes of review" and "[a]n

- 11 -

appellant's failure to provide the reviewing court with a complete certified record results in the waiver of the claim") (citations omitted).

Accordingly, our review is limited to the lone issue in Appellant's Rule 1925(b) statement alleging that the suppression court erred by denying his suppression motion where the Commonwealth failed to present "evidence that the search warrant for [his] vehicle was signed by a judicial authority." **See** Rule 1925(b) Statement, 4/4/24, 1. This claim was properly preserved in Appellant's suppression motion. **See** Suppression Motion, 10/11/22, ¶ 5 ("The arrest, search[,] and seizure of the petitioner and vehicle was conduct without a warrant and in violation of petitioner's rights[.]").

Appellant contends that the "suppression court erred by allowing the introduction of evidence that was seized upon execution of an unsigned search warrant." Appellant's Brief, 14. In particular, he is referring to the unsigned copy of the search warrant for the Chevrolet Traverse that the Commonwealth entered into evidence at his suppression hearing. **Id.** In the absence of a signed warrant for the SUV, he argues that the evidence recovered from the vehicle should have been suppressed for lack of probable cause and exigent circumstances pursuant to **Commonwealth v. Alexander**, 243 A.3d 177 (Pa. 2020). **See** Appellant's Brief, 15. Although he agrees that Officer Otterbridge's testimony observing him engage in what appeared to be narcotics transaction "may arguably constitute[ ] probable cause," he maintains that "there were absolutely no exigent circumstances that could justify a warrantless search of the vehicle." **Id.** Building on that point,

- 12 -

Appellant additionally argues that a search incident to his arrest did not extend to the recovery of items from the SUV and that "the doctrine of inevitable discovery as part of an inventory search of the vehicle d[id] not justify [a] warrantless search of the vehicle." *Id.* at 15-16.

Appellant concludes his argument by assuming that the denial of his suppression motion was proof that the suppression court incorrectly applied outdated law prior to *Alexander*:

> Here, the trial court relied on [*Commonwealth v. Gary*, 91 A.3d 102 (Pa. 2014)], which previously had extended the federal automobile exception to the warrant requirement to claims based on the broader protection of the Pennsylvania Constitution. However, the Pennsylvania Supreme Court has unequivocally overturned [*Gary*] and specifically stated that both probable cause and exigent circumstances must be present to justify a warrantless search of a vehicle. [*See Alexander*, *supra*]. Without exigent circumstances and with no articulable basis to justify the warrantless search of the car beyond mere suspicion, the search [wa]s unlawful and the evidence should have been suppressed. The warrantless search violated [A]ppellant's constitutional rights and the judgment of sentence should be vacated.

Appellant's Brief, 16.

Appellant's claim alleges that there was no valid search warrant for the SUV because no signed search warrant was moved into the evidentiary record at his suppression hearing. The suppression court found the existence of a valid search warrant because it made a credibility determination to that effect based on Officer Otterbridge's testimony that he had received the approval of

the search warrant but mistakenly scanned an unsigned copy of it and sent it to the prosecutor's office:

> [T]his is not a case where the Commonwealth admittedly failed to obtain a warrant that was approved and signed by a magistrate. Rather, Officer [Otterbridge], who prepared the affidavit of probable cause, testified the warrant that was executed had been reviewed and signed by a magistrate. This Court deemed that Officer [Otterbridge] testified credibly and established that the officers searched the vehicle pursuant to a signed warrant, but that they mistakenly provided the District Attorney's Office an unsigned copy of the warrant as evidence in this case.

Suppression Court Opinion, 6/4/24, 8.

Our standard of review of the denial of a suppression motion is well-settled. It "is limited to determining whether the suppression court's factual findings are supported from the record and whether the legal conclusions drawn from those facts are correct." *Commonwealth v. Shaffer*, 209 A.3d 957, 968-69 (Pa. 2019). "Our review of questions of law is *de novo*." *Commonwealth v. Jones-Williams*, 279 A.3d 508, 515 (Pa. 2022). The scope of review for the denial of a motion to suppress "is to consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the suppression record as a whole." *Shaffer*, 209 A.3d at 969.

In support of his claim, Appellant cites this Court's decision in *Commonwealth v. Vaughn*, 789 A.2d 261 (Pa. Super. 2001), for the proposition that "when a magistrate fails to sign a search warrant, at the time of the warrant application[,] there was no record determination that probable

cause existed and no written order to effect [such that] the warrant [was] never issued, necessitating the suppression of the evidence seized." Appellant's Brief at 14. In that case, a district justice "issued" a search warrant by filling out the form completely with the exception of failing to sign the warrant over the line "Signature of Issuing Authority." *Vaughn*, 789 A.2d at 262. This Court affirmed the grant of suppression based on the absence of the signature, despite testimony from the district justice as to its determination on probable cause, because we could not conclude that an unsigned writing could constitute a written order of a court. *Id.* at 265 ("The district justice in this case failed to sign the warrant. As a result, at the time of the warrant application there was no 'record determination' that probable cause existed and no 'written order' to that effect.").

The parties do not dispute that "[e]ach search warrant shall be signed by the issuing authority[.]" Pa.R.Crim.P. 205(A). There is also no dispute that a search of the SUV in police custody in this case required a search warrant under *Alexander* because there lacked exigent circumstances for a search. Here, however, the attesting officer testified that the warrant was approved and signed by the issuing authority. *See* N.T. Suppression Hearing, 12/12/22, 16. *Vaughn* is not dispositive for the instant claim because – unlike in that case – it is not agreed by the parties that a search warrant was left unsigned. *Vaughn* only answered the question of whether an unsigned search warrant could be treated as a valid search warrant based on extrinsic evidence of the issuing authority's finding of probable cause for the warrant.

- 15 -

That case does not address whether a suppression court can find the existence of a valid search warrant based on credible police testimony in the absence of the production of a copy of the signed search warrant.

Appellant utterly fails to address the suppression court's credibility determination as to the existence of a signed search warrant. The proper legal questions that would follow his claim – which he does not evaluate – are whether a copy of a signed search warrant needed to be moved into the evidentiary record at the suppression hearing and whether the suppression court could find the existence of a signed search warrant based on a credibility determination. Appellant does not address whether the Commonwealth had a duty to proffer a signed copy of the search warrant at the suppression hearing. To the extent that the suppression court made the credibility determination on the existence of an approved search, Appellant fails to point to any legal authority suggesting that the police testimony, by itself, could not support the credibility determination.

By arguing that there was no search warrant for the SUV search, without actually evaluating the suppression court's ruling and reasoning for concluding the existence of a search warrant, Appellant fails to properly address the standard of review for this appeal: he neither discusses whether the record supported the suppression court's factual finding concerning the existence of a valid search warrant nor does he argue that the legal conclusions drawn from those facts were incorrect. In the absence of a developed argument addressing the suppression court's ruling, there is no merit to be gleaned from

Appellant's claim, which posits only a non sequitur with respect to the proceedings below, *i.e.*, that the Commonwealth needed a signed search warrant to search the vehicle in this case. We will not *sua sponte* evaluate the credibility determination made by the suppression court.[7] **See Commonwealth v. Beshore**, 916 A.2d 1128, 1140 (Pa. Super. 2007) (*en banc*) (appellate courts will not develop an argument for the appellant or scour the record to find evidence to support an argument). Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/6/2025

---

[7] Even assuming *arguendo* we could independently evaluate the suppression court's credibility determination in the absence of related argument from Appellant, he also presents no discussion from which we could conclude that the absence of a warrant for the vehicle search was actually harmful in the sense that his convictions could not have been sustained in the absence of the admission of the evidence that was recovered as a result of the vehicle search. **See Commonwealth v. Hall**, 199 A.3d 954, 960 (Pa. Super. 2018) (harmless error analysis applied to denial of motion to suppress).